GEORGE W. WEMPLE,

*vs.*

ADAM KNOPF, JR.

*Morin vs. Martz*, 13 *Minn.* 191, followed and applied. Parol evidence is not admissible to show that at the time when a written agreement was entered into it was verbally agreed that the party signing the same might revoke such written agreement by notifying the other party of the revocation.

This is an appeal by defendant from a judgment of the district court for Rice county. The nature of the action, and the points raised upon the appeal, are fully stated in the opinion of the court.

PERKINS & MOTT for Appellant.

I.—The motion to dismiss the action should have been granted, inasmuch as the evidence of the plaintiff shows the agreement to have been for the sale of personal property, to an amount exceeding fifty dollars, and that there was no *acceptance* of any part of said property, nor any note or memorandum of a *contract* made in writing.   *Gen. Statutes, p.* 334, *sec.* 7.

The order is not a contract, nor the memorandum of a contract, because its terms import no mutuality, and whether signed by both or only one of the parties, is immaterial.   It does not purport to impose upon Brand, to whom it is addressed, the performance of any act whatever, and without the expression upon its face of reciprocal obligations, it is impossible to say that it is a contract in writing or the note or memorandum of one.

It is nothing more than an offer on the part of the defendant, and in order to satisfy the statute the acceptance should have been in writing.   *Lanz vs. McLaughlin,* 14 *Minn.* 75 ; *Chitty on Contracts,* (5*th ed.*) 397.

II.—The defendant should have been permitted to prove the contemporaneous agreement, giving to him the option to revoke the order.   The evidence was not offered for the purpose of contradicting or varying the written instrument, but to convert a one-sided contract into a mutual one.   The whole contract must have been reduced to writing in order to give it the effect of excluding the parol testimony.   *Clark vs. Tappin,* 32 *Conn.* 56.

III.—If the foregoing propositions are correct, the right of the defendant to countermand the order is clear and unquestionable, and the court erred in overruling the defendant's offer upon that head.

G. E. Cole for Respondent.

I.—1st. The writing in controversy need only have been signed by the party against whom it is sought to. be enforced in this action. *Morin vs. Marts,* 13 *Minn.* 191.

2d. The soliciting and taking of the order and contract by the plaintiff's agent, was, of itself, sufficient to create a mutual obligation, the one to deliver and the other to pay.

3d. But, as a matter of fact, the writing is signed by both parties and the acceptance of plaintiff is indicated by the written signature of his agent. *Hunter vs. Giddings,* 97 *Mass.* 41; *Penniman vs. Harlstown,* 13 *Mass.* 87; *Story on Agency,* 160a *and note.*

II.—1st. The contract is, to take and pay for $68 worth of trees when delivered at Faribault in October. Its terms are fully and explicitly stated in the writing, even to the penalty for a failure to make prompt payment, and it is proposed to show by parol that the defendant was not to take and pay for them unless he should see fit to do so. In other words, it is sought by parol to convert an entire contract, absolute in terms, into a conditional one, reserving to the party charged the right to rescind it at his option.

If a written contract can be added to or varied by parol evidence of contemporaneous conversation, then this evidence is admissible, otherwise not. *Payne vs. LaDue,* 1 *Hill* 116; *Ely vs. Kilborn,* 5 *Denio* 574; *Brown vs. Hull,* 1 *Denio* 400; *Erwin vs. Saunders,* 1 *Cowen* 249; *Gridley vs. Dale,* 4 *Comstock* 486; *Doyle vs. Dixon,* 12 *Allen* 576; *Wilson vs. Sherburne,* 6 *Cush.* 68.

2d. *Clark vs. Tappan,* 32 *Conn.* 56, relied on by appellant, does not militate against this well settled rule of evidence. It was a case of a release of the defendant from all claims as a member of a partnership, upon consideration of an express oral agreement to assume an individual liability. In an action upon the promise, the release of the partnership liability, was held to be no defense.

*Stearns vs. Tappan*, 5 *Duer*, 298, is more nearly analagous to the case at bar.    There, in an action arising out of the same transaction, brought upon the *partnership* liability, it was held that parol evidence to vary the release was inadmissible.

*By the Court.*—Berry, J.—This is an action in the nature of assumpsit for goods sold and delivered.    To make out his case plaintiff introduced in evidence a document of which the following is a copy, viz:

"Mr. O. F. Brand, of the Northwestern Faribault Nursery:

Please send me the following bill of nursery stock, to be delivered at Faribault, Rice county, Minn., during the months of October and November next.    I agree to pay cash for all stock delivered at the price below mentioned, and should I fail to pay for the same when delivered interest shall accrue thereon from the date of delivery until fully paid, at the rate of twelve per cent.    (Here follows a schedule of the stock referred to in the order, and the prices amounting to $68.00.)

Signed,

ADAM KNOPF, Jr.

Wheeling, Rice Co., Minn.

G. W. Wemple, Agent.

June 3d, 1869."

It appears that the plaintiff was Brand's agent at the date of the order, and that he took the order as such agent; that as Brand's agent he solicited defendant to buy the trees; that the stock mentioned in the order was delivered at Faribault, in October, 1869; that the defendant was duly notified of the delivery; that payment of the price was demanded of the defendant after the delivery and refused; that prior to the commencement of this action, Brand's

claim had been duly assigned to the plaintiff, and that there had been no acceptance of any of the stock by the defendant.

Upon this showing the plaintiff rested, and the defendant moved to dismiss the action, "on the ground that the said sale of stock was void by the Statute of Frauds." The motion was properly denied. There was an agreement signed by the party sought to be charged therewith in this action. As we have already held in *Morin vs. Martz*, 13 *Minn.*, 191, this satisfies the statute. See also *Chitty on Contracts*, 404–5.

The order in this case is not a mere *offer*, as in *Lanz vs. McLaughlin*, 14 *Minn.* 75, but it contains a positive and express agreement to pay a named sum for the goods ordered.

The motion to dismiss having been denied, "the defendant offered to prove that, at the time the said order was made— as an inducement to the defendant to give it—the said Wemple agreed with the defendant that the latter might revoke the order during the summer of said year, and not take the trees, if he so desired;" and also "that during the said summer he did countermand the said order." Both offers were rightly rejected by the court. If the testimony offered had been received, it could only have been for the purpose of showing that the absolute engagement which the defendant had entered into by the terms of the order, was not absolute, but conditional. This would be neither more nor less than a violation of the well settled rule that "parol contemporaneous evidence is inadmissible to contradict or vary the terms of a valid written instrument." 1 *Gr. Ev.* § 275. It would be to permit the defendant to show that the agreement evidenced by the order was not the agreement of the parties, but that something entirely inconsistent

with it was the agreement of the parties.   We have examined *Clark vs. Tappan*, 32 *Conn.* 56, cited by defendant's counsel, and are unable to see how the doctrines there laid down can take the case at bar out of the general rule above referred to.   That was a case in which the defendant, being a member of a partnership, was released from all liability *as a member of such partnership*, in consideration of his individual promise to pay the amount of such liability.   In an action brought upon the individual promise, oral evidence of such promise was received, and it was held that the release could not be introduced in evidence as a defense.   The oral evidence was received upon the ground that the release was not, and did not purport to be *the agreement* between the parties.   It was simply an act done by one party in performance of an agreement anterior to it; and the release was very properly excluded, because it was a release of the defendant's liability *as a member of the partnership*, while the promise set up was one by which the defendant charged himself, not as a partner, but as an individual.

Oral evidence of the promise did not, then, tend to vary or contradict the terms of the release, and as the release did not purport to discharge or extinguish any individual liability, it furnished no defence to the action.   The case cited, then, is hardly an authority for the defendant's claim, that he should have been permitted to show, by parol evidence, that the written order which purported to be *the agreement* of the parties in the case, was not such an agreement.   It is argued by defendant that the testimony offered should have been received, because this was a case in which *a part only* of an entire verbal contract was reduced to writing.   An exception to the general rule, on this ground, has been very generally allowed in particular cases.   But as remarked by Judge Redfield, in *Gr. Ev.*, 12 *Ed.*, § 284, *a.*, this "is a

qualification of the general rule which   *   *   *· it will be always difficult to apply in practice, without materially trenching upon the integrity of the rule itself."

We find no case going so far as the court below was asked to go in this instance. The English cases of *Pynn vs. Campbell*, 6 *Ell. and Bl.*, 370 *and Wallis vs. Littell*, 11 *C. B.* (*N. S.*,) 370, hold that parol evidence showing that the commencement of the obligation evidenced by the writing was *suspended*, may be received, upon the principle upon which it may be shown that a deed was never delivered, or is an escrow, that is to say, upon the ground that there never was an agreement. The same cases, however, expressly distinguish the admission of oral testimony for the purpose of showing a *suspension* of the obligation of the agreement, from its admission for the purpose of showing a *defeasance* of the obligation of the agreement. The idea of admitting it for the latter purpose is repudiated; and yet this is the very purpose for which it must be admitted in the case at bar, if at all. So far as the point under consideration is concerned, it is not claimed that the written agreement in this case was not made by the parties, nor that its obligation did not commence immediately; but that by a prior or contemporaneous verbal agreement it was subject to be defeated by subsequent action upon the part of the defendant.

Judgment affirmed.