## AUSTIN J. JORDAN

### *vs.*

## THOMAS WHITE.

*Section* 199, *chap.* 66, *Gen. Statutes*, authorizing the district courts to order specific questions of fact involved in the issue to be tried by a jury applied to this case.

*Chapter* 16, *Laws* 1862, under which the district court rules found in 6 *Minnesota Reports* were adopted having been repealed, such rules are no longer in force.

John Jordan being owner in fee of a one hundred and sixty acre tract of land, sold and conveyed forty acres thereof to the plaintiff August 13, 1867, and the deed was recorded March 8, 1869. May 12th, 1868, John Jordan, without plaintiff's knowledge, mortgaged said one hundred and sixty acres to Lincoln, who had no notice of the conveyance to plaintiff, and the mortgage was recorded May 20, 1868. The mortgage was duly foreclosed March 3d, 1870, by the sale of the entire mortgaged premises to Lincoln. Feb. 28th, 1871, John Jordan, by warranty deed in common form containing a covenant that the premises were free from incumbrances, conveyed all of the one hundred and sixty acres, save the forty before mentioned, to defendant. Defendant did not redeem from the foreclosure sale, but suffered the time of redemption to expire, and the title of the entire one hundred and sixty to become absolute in Lincoln.

March 4th, 1871, after the time of redemption had expired, defendant purchased of Lincoln, and Lincoln duly conveyed to defendant the entire one hundred and sixty, and defendant now holds the legal title to the same. In answer to a specific question of fact, the jury found that " at the time of the negotiation for the one hundred and twenty acres conveyed by John Jordan to defendant, it was a part of the agreement of defendant and John Jordan that defendant should pay off the lien created by the Lincoln mortgage, and cause the forty acres conveyed to plaintiff to be relieved from such lien." And the court below found " that on the 28th day of Feb., 1871, (the date of John Jordan's conveyance to defendant,) the said John Jordan, in consideration of the sum of one hundred dollars to him

Jordan v. White.

paid by defendant, and of the defendant's unwritten agreement found by the jury, conveyed to defendant by deed containing full covenants of seisin against incumbrances of warranty, &c., all of the one hundred and sixty acre tract except the forty acres before conveyed to plaintiff." *Held,* that upon this state of facts the court correctly found, as a conclusion of law, that " defendant holds the title to the land in question (*i. e.,* the forty acres,) in trust for the plaintiff, and that the plaintiff is entitled to judgment passing the title to the land in question from defendant to plaintiff, and declaring the same absolute in the plaintiff."

*Held further,* that the plaintiff is entitled to maintain this action, though not a party to the contract between John Jordan and the defendant, and though a stranger to the consideration, following *Sanders vs. Clason,* 13 *Minn.* 379.

*Held further,* that evidence of the parol agreement between John Jordan and defendant was competent.

This action was brought in the district court for Waseca county. The pleadings at the time of the trial, a portion of the answer setting up a counter-claim having been previously withdrawn, were substantially as follows : The complaint alleged, that one John Jordan was the owner and in the actual possession of a certain forty acres of land in Waseca county, and for a valuable consideration sold and conveyed the same to the plaintiff by a warranty deed, dated August 13, 1867, which deed was recorded on the 8th of March, 1869 ; that plaintiff went into possession of the premises by virtue of such deed, at the date thereof, and has ever since remained in possession claiming to be the owner ; that said John Jordan, without the knowledge of plaintiff, and before his deed was recorded, executed a mortgage upon the said forty acres, together with other lands (120 acres) owned by him, to one Noah Lincoln, which mortgage was dated May 12, 1868, and was recorded May 20, 1868 ; that as soon as he learned of the execution of such mortgage, plaintiff notified Lincoln of the existence of his deed, and that he never consented to or ratified said mortgage ; that the mortgage was foreclosed by advertisement and

Jordan v. White.

the usual certificate issued to Lincoln as purchaser of the premises embraced in the mortgage, which were sold in one parcel, and such certificate was recorded March 11, 1870 ; that before the expiration of the time of redemption under such foreclosure, said John Jordan sold and conveyed the premises described in said mortgage, excepting said forty acres, to the defendant, Thomas White, and that such sale and conveyance were made " upon the express agreement and understanding that the said Thomas White should pay off and discharge said mortgage and forever release and discharge from the lien thereof the land conveyed to this plaintiff," being said forty acres : that defendant afterwards paid to Lincoln the full amount necessary to redeem, but no redemption was made, defendant taking from Lincoln a quit-claim deed of the whole of the premises described in the mortgage, and claims to be the owner thereof in his own right.

Plaintiff demands judgment that the forty acres be adjudged to be discharged from any lien on account of said mortgage, and that as against defendant he may be adjudged to have full title thereto.

The answer " denies each and every allegation in the complaint contained, except what is hereinafter admitted." The execution of the deed of the forty acres to the plaintiff; the mortgage to Lincoln and its foreclosure ; the conveyance of the lands (except the forty acres) by John Jordan to the defendant, and the conveyance by quit-claim deed from Lincoln to defendant of the whole premises after the expiration of the time of redemption, are admitted. Any knowledge or information on the part of Lincoln at the time of taking the mortgage that plaintiff had a deed of the forty acres, or. was in the occupation of the same or any part thereof, is denied ; and it is averred that such pretended deed to plaintiff was void as against Lincoln and the defendant because not recorded

till after the recording of the mortgage. The agreement alleged in the complaint, or any agreement respecting the discharge of the forty acres from the lien of the mortgage is expressly denied. Defendant avers that plaintiff is in possession of the forty acres, and unlawfully withholds the same from the defendant, and demands judgment for such possession. The reply put in issue the new matter alleged in the answer, and admitted the possession of the premises by plaintiff.

The cause was tried by the court, though certain issues were submitted to a jury under objection and exception by defendant, resulting in a judgment in favor of the plaintiff, from which defendant appeals to this court. The exceptions taken at the trial, the findings of fact upon the issues submitted to the jury, and also of the court, are sufficiently stated in the opinion.

GORDON E. COLE, for Appellant.

BATCHELDER & BUCKHAM, for Respondent.

*By the Court.*—BERRY, J.—In the actual state of the pleadings at the time of trial, this action was of a purely equitable nature. The issues of fact were therefore to be tried by the court subject to the right " of the court to order that the whole issue or any specific question of fact involved therein be tried by a jury." *Chap.* 66, *sec.* 199, *Gen. Stat.* It was therefore entirely competent for the court, in its discretion, to submit, as it did, certain specific questions of fact to a jury in this case, and we find no reason to doubt that the discretion was properly exercised. It is not important that the course pursued to procure such submission was not in accordance with *Rule* 23, *District Court Rules*, 6 *Minn.* Whatever force that rule

Jordan v. White.

possessed was derived from *chap.* 16, *Laws* 1862. That chapter, and that alone, provides that the rules made thereunder " shall govern the * * district courts," and upon its express and unconditional repeal by *chap.* 122, *Gen. Stat.*, the foundation upon which the rules rested was taken away, and they governed no longer.

It appears in this case that on the 13th day of August, 1867, John Jordan, being owner in fee and in actual possession of a one hundred and sixty acre tract of land, sold and conveyed by warranty deed to plaintiff a part thereof, to-wit, a certain forty acre tract, being the premises in controversy in this action. The deed was recorded March 8th, 1869. On the twelfth day of May, 1868, John Jordan, without the knowledge or consent of plaintiff, mortgaged said one hundred and sixty acre tract to Noah Lincoln. The mortgage was recorded May 20th, 1868. Lincoln, at the time when he advanced the money ($800) loaned on the mortgage, and at the time he took the mortgage, had no notice of plaintiff's interest in the land. The mortgage was duly foreclosed March 3d, 1870, by the sale of the entire one hundred and sixty to Lincoln, whose certificate of sale was duly executed and recorded. On Feb. 28th, 1871, John Jordan, by warranty deed in common form containing a covenant that the premises were free from encumbrances, conveyed all of the one hundred and sixty except the forty before conveyed to plaintiff to defendant. Defendant did not redeem the land from the foreclosure sale, but suffered the time of redemption to expire and the title of the whole one hundred and sixty to become absolute in Lincoln, March 4th, 1871. After the time of redemption had expired, defendant purchased of Lincoln, and Lincoln duly conveyed to defendant the entire one hundred and sixty, and defendant now holds the legal title to the same, including the forty acres in dispute.

As to the facts foregoing there is no controversy. The jury, however, in answer to the fourth question submitted to them, found that " at the time of the negotiation for the one hundred and twenty acres from John Jordan to defendant, it was a part of the agreement and understanding of said defendant and John Jordan, that defendant should pay off the lien created by the Lincoln mortgage, and cause the forty in dispute to be relieved from such lien." And the court finds " that on the 28th day of February, 1871, (the date of Jordan's conveyance aforesaid to defendant) said John Jordan, in consideration of the sum of one hundred dollars to him paid by defendant, and of the defendant's unwritten agreement found by the jury in their 4th finding, conveyed to the defendant by deed containing full covenants of seisin, against incumbrances, warranty, &c., all the lands herein described (being the one hundred and sixty acre tract aforesaid) except the forty acres in question." As a conclusion of law the court finds " that defendant holds the legal title to the land in question in trust for the plaintiff, and that plaintiff is entitled to judgment passing the title to the land in question from defendant to plaintiff, and declaring the same absolute in the plaintiff." The present appeal is taken from the judgment entered in pursuance of said finding of law.

The case stipulated states that " there was no evidence of any written contract in regard to the payment of the Lincoln mortgage between John Jordan and defendant except the deed hereinbefore mentioned" meaning, as we understand it, the deed of February 28, 1871. This deed being introduced in evidence, the plaintiff put the following question to John Jordan, viz. : " What conversation took place between you and defendant at the time you gave him his deed of the 120 acres ?" Defendant's objection being overruled and exception taken, the witness answered, " The defendant wanted to buy

Jordan v. White.

the place of me—one hundred and twenty acres. He asked me what I would take for it. I told him I would sell the land at half-price on account of my brother's forty. He told me he would give one hundred dollars and clear Lincoln's mortgage. I told him I wouldn't take it,—I'd let it go to Lincoln. I concluded that I would let him have it at that on condition that he would pay off Lincoln's mortgage. I went and signed the deed. He paid me one hundred dollars; that is all I got. Tom knew it was on condition that he would clear up the mortgage on my brother's place I sold it. The land was worth eighteen dollars per acre." What other parol evidence was introduced of an understanding and agreement such as is found in the fourth finding of the jury, does not appear, as the case (which is in the nature of a bill of exceptions) does not purport to contain all the evidence received upon the trial. Under such circumstances it is to be presumed that if parol evidence was competent, there was sufficient to sustain this finding of the jury.

It is contended for the defendant that the court's conclusions of law and the judgment were errroneous ; first, because the plaintiff could not maintain this action, since he was not only not a party to the alleged contract between John Jordan and the defendant, but was a stranger to the consideration. So far as this court is concerned, the case of *Sanders vs. Clason,* 13 *Minn.* 379, is decisive against defendant's position. In that case, N. B. & C. L. Clason being indebted to Sanders & Co., sold and delivered to M. B. Clason their stock in trade upon the consideration in part of his, M. B. Clason's, promise to pay said indebtedness to Sanders & Co. This court held that Sanders & Co. could maintain an action against M. B. Clason upon his said promise. In the case at bar (assuming for the present, that the contract between John Jordan and defendant was valid,) John Jordan conveyed to defendant

one hundred and twenty acres of land upon the consideration in part, that he should pay off and discharge the mortgage lien upon the forty acres which John Jordan had conveyed to plaintiff, and which he (John Jordan) was legally bound to plaintiff to pay off and discharge himself. In other words, in consideration of the transfer of property to him by John Jordan, defendant in effect agreed to discharge the indebtedness or liability of John Jordan to plaintiff. Assuming, then, the validity of the contract between John Jordan and defendant, plaintiff could, upon the doctrine of *Sanders vs. Clason* have maintained an action upon the same. See also *Brewer vs. Dyer*, 7 *Cush.* 327; *Mellen vs. Whipple*, 1 *Gray*, 317; *Frubish vs. Goodnow*, 98 *Mass.* 296; *Dingledien vs. The Third Avenue R. R. Co.*, 37 *N. Y.* 575; *Kelly vs. Roberts*, 40 *N. Y.* 438; *Barker vs. Bradley*, 42 *N.Y.* 319. And no argument or further citation of authorities is needed to show that with this right and interest on plaintiff's part in the agreement between John Jordan and defendant, if defendant acquired the legal title to the forty acres in the manner found by the court, he would take such title in trust for plaintiff, who could compel defendant to transfer the same to him discharged of any incumbrance as he seeks to do in this action.

Defendant further contends, however, that the fourth finding of the jury and the finding of the court that the conveyance from John Jordan to defendant, was made in consideration in part of the unwritten agreement found by the jury in said fourth finding, and the court's conclusions of law were erroneous, because the evidence of such parol agreement was incompetent and inadmissible. In support of this position, defendant argues that " the deed from John Jordan to defendant constitutes the written contract, out of which the rights of the plaintiff, if any, spring, and which he seeks to enlarge by the addition of a contemporaneous parol contract making a

Jordan v. White.

part of the same transaction." This position, however, assumes the matter in issue. The plaintiff claims that the deed alone is not the contract out of which his rights spring. He contends and seeks to prove that the agreement out of which his rights spring was by parol, and that the deed was made as a performance of this agreement upon the part of John Jordan. In this view the rule excluding parol evidence to vary a writing has no application here and does not prevent the plaintiff from showing what the parol agreement was. *Wemple vs. Knopf*, 15 *Minn.* 445; *Barker vs. Bradley*, 42 *N. Y.* 319.

The consideration of the deed from John Jordan to defendant is expressed therein to be fifteen hundred dollars; and the defendant further contends that evidence of the fact that the unwritten agreement spoken of was part consideration of the deed was inadmissible because it " contradicts   *   * the very gist of the contract itself by parol evidence." The general rule is that the expression of a consideration in a deed does not exclude proof of another or different consideration by parol. 1. *Gr. Ev.* § 285; *McCrea vs. Purmest*, 16 *Wend.* 460; *Murray vs. Smith*, 1 *Duer.* 428; *Rawle on Covenants*, 65 *et seq.* No reason is apparent why the general rule should not apply to this case, *Bolles vs. Beach*, 2 *Zabriskie*, 692; *Wilson vs. King*, 8 *C. E. Green*, 152. It is not necessary to inquire whether it would have been competent in a case in which such proof might have been material, to show that notwithstanding John Jordan in his deed to defendant covenanted that the one hundred and twenty acre tract was free from incumbrances the defendant had as part consideration for such deed, agreed to pay off and discharge a mortgage upon the same, though the cases cited (*Bolles vs. Beach*, and *Wilson vs. King, supra,*) maintain such competency. The substantial question in this case is whether defendant, as part consideration for the deed of the one hundred and twenty acre tract agreed to relieve the

plaintiff's *forty acre tract* from the lien of the mortgage. As to the *forty acre tract,* there is no ground for claiming that proof of an agreement by defendant to clear it of the mortgage would be to prove anything contradictory to, or inconsistent with John Jordan's covenant that the one hundred and twenty acre tract was free from incumbrances.

Judgment affirmed.