BRUNO BEAUPRE *vs.* PATRICK V. DWYER, Receiver, impleaded, etc.

June 18, 1890.

**Mortgage on Land and Chattels—Fixtures.**—In a mortgage recorded as upon real estate, and also filed as on chattels, was the following description: "All that tract or parcel of land * * * described as follows, to wit: Lot No. two (2) of block No. twenty-seven, (27,) in * * *, together with the building or plant of said first party thereon situated, and the engines and boilers and fixed machinery appurtenant to said building." The mortgagor was a manufacturing corporation, and its building, engines, and boilers were fixtures when the mortgage was executed. The trial court found that certain other articles of machinery which were fastened to the building, and used for manufacturing, which, generally speaking, were heavy machines such as used about a foundry or machine shop, were included in and covered by the mortgage. *Held* correct.

**Same—Rule for Construction.**—In construing the descriptive portion of said mortgage, effect should be given to all of the words, terms, and expressions used therein; for it is obvious that by their use property was intended and included which was no part of the realty, and which would not pass by a mortgage upon it alone.

**Same.**—Written descriptions in such instruments are to be interpreted in the light of the facts known to and in the minds of the parties when they are executed.

Appeal by defendant, receiver of the Holland & Thompson Mfg. Co., from an order of the district court for Dakota county, *Crosby, J.,* presiding, refusing a new trial.

*C. D. & Thos. D. O'Brien,* for appellant.

*Charles M. MacLaren,* for respondent.

COLLINS, J.[1]  This controversy is between a mortgagee and the receiver in insolvency of the mortgagor, a manufacturing corporation. It arises in an action brought to foreclose the mortgage, which had been duly recorded as on real estate, and had also been properly filed as upon chattels. The description of the mortgaged property, as found in the mortgage, was as follows: "All that tract or parcel

[1]Vanderburgh, J., took no part in this case.

of land   *   *   *   described as follows, to wit: Lot No. two (2) of block No. twenty-seven (27) of South Park Division No. ten, (10,) according to the recorded plat thereof,   *   *   *   together with the building or plant of said first party thereon situated, and the engines and boilers and fixed machinery appurtenant to said building."   The trial court found, among other things, that, when the mortgage was executed and delivered, the mortgagor was engaged in the business of manufacturing in a large building, situated upon the land described in the mortgage; that certain articles therein—engine, pump, boiler, etc.—were fixtures, and about this there is no dispute; that certain other specially enumerated articles, found in a list numbered 2, were used in said building as machinery in carrying on said manufacturing business, were fastened to the floor or to some other part of the building by screw-bolts for the purpose of keeping them in position, and to keep them steady, so that they could be properly used; and also that the same could be removed from the building without destroying any part of it.   The court further found that these articles, which, generally speaking, were heavy machines, such as are used in a foundry or machine-shop, were covered by and included in the mortgage.   Their sale upon foreclosure was ordered, and the contention is over this machinery.   Other articles of a lighter character, but also in use in said building and business, mentioned by the court in its list numbered 3, were declared not covered by the mortgage, and on this conclusion the parties do not differ.

From a reading of the description found in this instrument, it is manifest that the corporation intended to mortgage and convey, and that it was the intent of the mortgagee to cover and embrace in the mortgage, something more than the real property, with its hereditaments and appurtenances.   If such was not the intention and understanding of the parties, a plain and simple description of the land alone would have been ample.   Such a description would have included and mortgaged all of the articles found by the court, and now conceded by appellant's counsel, to have been fixtures when the mortgage was made.   This simple description would have covered the building also, if, in fact, it was a part of the realty, and, as no special mention was made of it in the findings, we are safe in asserting that

it was. But the descriptive part of the instrument was much more particular and comprehensive than it would have been had it been designed to include the real property only, and hence the terms and expressions found in the description cannot be treated as meaningless, superfluous, and without value or significance. Effect must be given to the words, "together with the building or plant" of the mortgagor, and the words, "and fixed machinery appurtenant to the building," for it is obvious that by their use property was intended which was no part of the realty, and which would not pass by a mortgage upon it. It was within the province of the trial court to discover what was intended, and no complaint is made by the appellant of the methods adopted by the court in arriving at its conclusion that the machinery scheduled in list numbered 2 was that intended by the use of the words, terms, and expressions found in the description. In passing upon a question of this nature, evidence of the relations of the parties, situation of the property, and other surrounding circumstances, is admissible to show what was intended to be conveyed, and what is, and what is not, parcel of the subject-matter of the mortgage, and intended to pass thereby. It was not necessary that the property to be mortgaged should have been so described as to be capable of identification by a written recital, nor by the various names used to designate the different articles; for written descriptions in such instruments are to be interpreted in the light of the facts known to and in the minds of the parties at the time. *Eddy* v. *Caldwell*, 7 Minn. 166, (225;) *Tolbert* v. *Horton*, 31 Minn. 518, (18 N. W. Rep. 647;) *Comins* v. *Newton*, 10 Allen, 518; *Gurley* v. *Davis*, 39 Ark. 394; *Willey* v. *Snyder*, 34 Mich. 60. As it was largely a question of intent, we see no reason to be dissatisfied with the conclusion of the court below, and its findings must control.

Order affirmed.