DOMINICO BRETTO *vs.* JACOB LEVINE *et al.*

Argued May 26, 1892.   Decided June 13, 1892.

**Parol Evidence Competent.**

>  A deed of conveyance of real estate, which embraced a store building provided with shelving, contained the clause, "This grant includes all the shelving in the building." *Held*, that the deed is not to be taken as intended to express or constitute the exclusive evidence of the whole contract or transaction, which resulted in the giving of the deed, so as to render incompetent parol proof of a sale of personal property at the same time.

**Prejudicial Error.**

>  Certain immaterial evidence *held* not prejudicial.

Appeal by defendants, Jacob Levine and Abram Levine, from a judgment of the Municipal Court of the City of Tower, in St. Louis County, *Scott*, J., entered November 3, 1891.

The plaintiff, Dominico Bretto, brought this action May 5, 1891, to recover possession of the personal property mentioned in the opinion. He claimed that he had bought it of defendants, and paid them for it at the same time that he bought and paid for the lot and store building thereon. The defendants denied that they sold to him this personal property. On the trial the deed of the real estate dated February 12, 1891, was received in evidence. It contained these words: "This grant includes all the shelving in the building situate on said premises." Defendants claimed that parol evidence could not be received of the sale of other articles not mentioned in the deed, shelving being mentioned. This claim was overruled by the court and plaintiff's evidence received. He had judgment that he was entitled to the possession of the property. Defendants appeal, and in this court assign as error, the admission of this parol evidence.

*Edson & Edson*, for appellants.

*W. G. Bonham*, for respondent.

DICKINSON, J.   The defendants were formerly the owners of certain real estate situate in the town of Tower, including a store building

standing thereon, in which was a quantity of shelving put up for use therein. They also had within the building certain other property which is the subject of this action, consisting of hanging lamps, stove, tables, show cases, chairs, counters, safe, and other personal property. On the 11th day of February, at the city of Duluth, they agreed orally upon a sale of the real estate to the plaintiff, and, as the plaintiff claims, of all the personal property also, for the price of $4,300. Pursuant to that agreement a deed of conveyance of the real estate was made and delivered the following day, in which the consideration expressed was as above stated, and which was paid. In this deed, following the description of the premises conveyed, is the clause: "This grant includes all the shelving in the building situate on said premises." The issue in this case is as to whether the sale included the personal property referred to, other than the shelving, and the principal question of law is whether the effect of the deed was to render incompetent the oral proof which was received at the trial, to the effect that by the agreement of the parties this personal property was included in the sale. If such was the agreement, the title passed. The payment of the price saved the transaction from the operation of the statute of frauds.

Although the agreement, assuming that it included the personal property, as well as the real estate, was entire in its nature, it related to subjects so different that different modes of carrying it into execution were appropriate, if not necessary. As to the personal property, all that was necessary to transfer the title was the agreement of sale and the payment of the price. The real estate could only be legally conveyed by deed. That was the ordinary and legally proper purpose of such an instrument. If the deed had not contained the clause above recited, there would be not much reason to support a claim that the deed of the real estate was intended by the parties to embrace, and become the exclusive evidence of, all which they might have agreed upon or intended to accomplish, so as to exclude oral evidence of a sale of the personal property as well as of the real estate. Such an instrument would not be legally presumed to have been intended to have a wider or different effect than

that which, and which alone, such instruments are commonly and properly executed to accomplish,—that is, to convey real property, and to express such conditions or covenants concerning the same as might be agreed upon. An instrument of such a nature would not be presumed to have been intended also to accomplish the very different purpose of evidencing all transactions or agreements of the parties relating to a subject distinct from that to which the deed in terms and appropriately relates. The deed upon its face, and in view of the purposes for which such instruments are ordinarily and appropriately given, would have no such legal import, and would not be effectual to exclude oral proof of a contract relating to a collateral and distinct subject, such as the sale of personal property. *Healy* v. *Young*, 21 Minn. 389; *Jordan* v. *White*, 20 Minn. 91, (Gil. 77;) *Green* v. *Batson*, 71 Wis. 54, (36 N. W. Rep. 849;) and cases cited.

But we do not think that the clause concerning the shelving in the building gave to this deed any other effect in this particular than it would have had if this clause had been omitted. If such a clause had been inserted with respect to one or more articles of personal property, as chairs, of such a nature that there could be no doubt as to whether they constituted a part of the realty so as to pass under a deed conveying the real property, the result would probably be different. But the most satisfactory conclusion, as to the reason for introducing this clause in the deed, is that it was because of some uncertainty or doubt as to whether the shelving was properly a part of the realty, or only personal property, and to prevent any controversy or question concerning that matter. By the technical language of the deed, the shelving was *included as a part of the real property,* "this grant" being declared to include it. From this it is not to be conclusively presumed that the deed was not intended merely as a conveyance of what was deemed to be, or to belong to, the real estate, but also to be the repository of all that the parties had agreed upon or done, so as to exclude parol evidence of a sale of personal property as a part of the same transaction. The question considered in *Beaupre* v. *Dwyer*, 43 Minn. 485, (45 N. W. Rep. 1094,) was as to

whether the description in the deed comprehended certain heavy machinery, so that the deed operated as a transfer of the title,—a question entirely different from that here involved.

There was nothing prejudicial to the defendants in the testimony that after the transaction embracing the alleged sale was completed, and the price paid, the clerks in the store of the defendants assisted the plaintiff in making a list of the property in controversy. If that had any bearing upon the issue, which is doubtful, it could only go to show a merely technical or constructive delivery. But no delivery was necessary, for, as is admitted, the entire price of the sale—whatever was embraced in the sale—had already been paid. The issue was as to the express agreement of the parties, which was completed before the transaction to which this evidence relates.

Judgment affirmed.

(Opinion published 52 N. W. Rep. 525.)