CALDWELL, Appellant, vs. PERKINS, Respondent.

*March 30 — April 14, 1896.*

*Contracts: Parol evidence to vary writing.*

Where a written agreement for the exchange of lands for store build-
ings and the stocks of merchandise contained therein purported to·
state the whole contract between the parties, parol evidence was
inadmissible, in the absence of fraud or mistake, to show a prior
or contemporaneous agreement that, in addition to the property
described in the writing, certain furniture and tools used in the
store buildings were to be included in the exchange.

APPEAL from a judgment of the circuit court for Dane
county: R. G. SIEBECKER, Circuit Judge. *Reversed.*

This was an action for the conversion of a large number
of articles of personal property, of the alleged aggregate
value of $2,000. The answer was a general denial, except
as therein stated, and it set out, in substance, that a portion
of the property claimed belonged to the plaintiff (enumerat-
ing it), which the defendant does not, and never did, claim;
that a considerable portion of the property consisted of fixt-
ures attached to, and forming a part of, a certain store
building and realty previously conveyed by the plaintiff to
the defendant, and a large part of the said property had
been previously sold by the plaintiff to the defendant as a
part of a stock of merchandise and personal property.

Upon trial before a jury the plaintiff gave evidence tend-
ing to show that he was the owner of the property in ques-
tion, and tending to show a conversion and the value thereof,
and rested. On the part of the defendant it appeared that.
the plaintiff had two stores,— one in Belleville, and one· in·
Mt. Vernon, Wis.,— and that he entered into a contract to sell
the said buildings and premises and stocks of goods to the
defendant, December 16, 1893, for certain lands in Dakota;.
the contract of that date stating that the plaintiff had pur-

chased the Dakota lands for $24,000, and that the defendant had purchased the store building and two lots in Belleville for $7,000, and the lot and store in Mt. Vernon for $1,000, and "the entire stock of general merchandise contained in said store buildings, . . . at invoice cost price, as shown by cost mark on goods." The lands in Dakota were to be conveyed to the plaintiff free and clear of incumbrances, except as specified, and the store properties were to be conveyed to the defendant free and clear, etc., and the plaintiff was "to convey to the defendant, by bill of sale, the stocks of general merchandise" mentioned, the inventory of which was to be taken on or before January 15, 1894; the plaintiff reserving a certain building used for a lime house, one corn-crib, a set of platform scales, and certain loose gates; and after the footings were agreed upon the said conveyances and bills of sales, etc., were to be delivered, and the difference in the consideration between the Dakota lands and the real estate in Belleville and Mt. Vernon, with "stocks of general merchandise," when ascertained, was to be secured to the defendant by a mortgage on the Dakota lands. Possession of the respective properties was to pass with the delivery of the deeds on or before January 15, 1894, unless otherwise arranged. February 1, 1894, it was agreed that a new inventory of the stocks of goods should be taken, and provisions were made for carrying out the original agreement. March 13, 1894, a further written agreement was made, reciting that the plaintiff was ready to convey said stocks of goods and stores,— the personal property amounting to $15,104 in value, and, with the stores, making a total of $23,104, and the amount of real and personal property to be conveyed by the defendant was $26,040,— leaving a balance due the defendant of $2,936, and making further provisions for carrying out said trade, and providing for payment of certain incumbrances, etc.

Under these agreements the lands in Dakota were con-

veyed to the plaintiff, and the stores and merchandise were conveyed to the defendant; the merchandise by a bill of sale, an invoice having been taken. The property in dispute was specified in the transfer to the defendant as being "all the general stocks of merchandise situate and being in the said store buildings," and the consideration named was $15,104.52. The deed for the stores and lots specified a consideration of $8,000.

The evidence tended to show that the property described in the complaint, except that to which the defendant made no claim, was, in the main, of two kinds,— store fixtures and furniture, tools, and implements that had been in use in and about the stores. The defendant was asked by his counsel whether he had any conversation with the plaintiff as to buying any other property than is named in the deed,— any personal property. This was objected to on the ground that all the negotiations had been merged in the written instruments conveying the real property and the personal property, and that they could not be varied by parol. The court overruled the objection, and the defendant was allowed to testify that "the price of the real estate was to be $8,000, with the fixtures and furniture. I told him the property was high, but if he would put in these fixtures and furniture that I would take it for $8,000. He said he would do so. We have talked of it several times,— had a considerable talk. The negotiations commenced in December, and I took possession in March. The subject was all agreed upon before we commenced, and then we made some variations." He identified the said written agreements as all relating to the same subject,— the real and personal property. Hereupon the court ruled that all testimony offered by the defendant to show that property was conveyed, not specifically mentioned in the written instruments, might be received, and the defendant was allowed to testify: "I never took an invoice of the furniture and fixtures, but there was an invoice

taken of the goods which were kept for sale. The subject of taking an invoice of this furniture was spoken of by the plaintiff and myself, and it was said that it was not necessary; that it was bought as a whole and went with the real estate."

The court instructed the jury as to what constituted fixtures, and that the plaintiff could not recover therefor, and, further, that if they found "that there was an agreement between the parties, at the time claimed, that there was to be a sale of the personal property in question (not fixtures), and in pursuance thereof the property was delivered to the defendant, and he holds it by virtue of that understanding, then the plaintiff cannot recover." The verdict was for the defendant, upon which he had judgment, and the plaintiff appealed.

*C. E. Buell*, for the appellant.

*Burr W. Jones*, for the respondent.

Pinney, J. The sale and conveyance by the defendant to the plaintiff of the Dakota lands, the sale and conveyance of the two stores and lots whereon they were situate, at Belleville and Mt. Vernon, by the plaintiff to the defendant, and the sale and transfer to the latter by the plaintiff of the "entire stock of general merchandise contained in the store buildings," all took place under and in pursuance of the express stipulations of the written agreement between the parties of December 16, 1893. The deeds of conveyance and bill of sale were executed in part performance of this written agreement, the substance of which was the exchange of the properties of the parties for specific prices named in part and to be ascertained in part thereafter, and the payment by the plaintiff to the defendant of the difference between them. This contract necessarily included the fixtures of the stores, but it did not mention or include the store furniture, etc., in dispute, and there is nothing in

the subsequent modifications of the contract relating thereto. The contention on the part of the defendant was that there was a verbal agreement, at or before the time of the making of the written contract, by which the property in dispute was to go to the plaintiff for a part of the price paid for the stores, although it was not a part of the stocks of merchandise and was not mentioned in the bill of sale or in the deed to the defendant. This written agreement must be taken to contain the real contract, until the contrary is clearly and satisfactorily established, and it cannot be varied or altered except upon proof of fraud or mistake, and there is no claim of either. It is elementary that all previous negotiations are merged in a written contract, so that, after its execution, parol proof thereof cannot be received.

The parol evidence set out in the foregoing statement was received, and its reception was sought to be justified, on the ground that the transaction covered the property in dispute, and that the written conveyance omits it entirely. It was said that it was competent to prove that this property was sold and transferred for the same consideration expressed in the deed, and that the cases of *Hahn v. Doolittle*, 18 Wis. 196; *Red Wing Mfg. Co. v. Moe*, 62 Wis. 240; *Green v. Batson*, 71 Wis. 54; and *Bretto v. Levine*, 50 Minn. 168,— justify the reception of this evidence. These cases are to the effect that the rule that where parties reduce their contract to writing the writing is presumed to contain the whole contract and it cannot be shown by parol that other things were agreed upon at the same time, is not applicable to written instruments (such as deeds of land, assignments of choses in action, bills of sale, indorsements of notes), which, from their nature, are adopted merely to *transfer title* in execution of an agreement which they do not profess to show, nor does it preclude proof by parol of representations or of an anterior warranty, by way of inducement, in respect to the sale of chattel property, or of the value of land conveyed.

It must be conceded that such evidence does not change the instrument of transfer of title in the least, but this case is clearly distinguishable. The agreement before us is complete in and of itself, containing the stipulations and agreements forming the consideration for the undertaking of each of the parties. It was executory, and was not an instrument to pass the title to any of the property, and for this reason is not, we think, subject to the rule invoked. When it is found that the property is not described in the deed or bill of sale, and the written agreement is consulted to ascertain the contract of the parties, it shows clearly what was agreed on. It contains no clause from which it may be inferred that the parties did not intend to incorporate in it the contract just as it was made, and the whole of it. It purports to state the whole contract, and the property in dispute is not within it. In the absence of fraud or mistake, it must be held to contain the whole contract. *Hubbard v. Marshall,* 50 Wis. 322, 326–328; *Gillmann v. Henry,* 53 Wis. 465; *Braun v. Wis. Rendering Co.* 92 Wis. 245.

Where a verbal contract is entire, and a part only, in part performance, is reduced to writing, parol proof of the entire contract is competent. *Hope v. Balen,* 58 N. Y. 382; *Chapin v. Dobson,* 78 N. Y. 74. And such was the case of *Bretto v. Levine,* 50 Minn. 168; *Hahn v. Doolittle,* 18 Wis. 196; and other cases relied on by the defendant. But here, the entire contract being in writing, parol evidence was not admissible to show a prior or contemporaneous agreement by parol, to add a new obligation or provision to it, by which, for the same consideration expressed in it, the contract was to be made more burdensome to the plaintiff or more beneficial to the defendant. The effect of the evidence, under the charge of the court, was to add a provision to the original contract, including, as a part of the property agreed to be sold to the defendant, the furniture and tools in dispute, in addition to the property described in it. As was said in

*Eighmie v. Taylor,* 98 N. Y. 294: "If we may go outside of
the instrument to prove that there was a stipulation not
contained in it, and that only a part of the contract was put
in writing, and then, because of that fact, enforce the oral
stipulation, there will be little of value left in the rule itself.
The writings which are protected from the effect or con-
temporaneous oral stipulations are those containing the
terms of a contract between the parties, and designed to be
the repository and evidence of their final intentions. If, upon
inspection and study of the writing, read, as it may be, in
the light of surrounding circumstances in order to its proper
understanding and interpretation, it appears to contain the
engagements of the parties and to define the object and
measure the extent of such engagements, it constitutes the
contract between them and is presumed to contain the whole
of that contract."

These views of the case are decisive. Nothing can be
added to or taken from the contract, except for fraud or
mistake; and, as already stated, there was no claim of either.
For these reasons we must hold that the court erred in ad-
mitting the parol evidence stated and in instructing the jury,
in substance, that they might give effect to it in arriving at
a verdict.

*By the Court.*— The judgment of the circuit court is re-
versed, and the cause is remanded for a new trial.