SCHOBLASKY, Respondent, vs. RAYWORTH, Appellant.

*March 30—April 20, 1909.*

*Contracts: Parol modification of written contract: Escrow.*

A written contract may be modified by parol, without any new consideration, after it has taken effect; but a bill of sale, while it is in escrow awaiting the payment of the purchase money, cannot be modified by parol.

APPEAL from a judgment of the circuit court for Langlade county: JOHN GOODLAND, Circuit Judge. *Affirmed.*

The complaint averred in substance that defendant sold to the plaintiff and the plaintiff paid for certain personal property, part of which defendant failed to deliver to plaintiff

and part of which was delivered to plaintiff but taken from her upon replevin by the true owner. The defendant, answering, averred that he sold the plaintiff a certain piece of land with the personal property thereon owned by defendant, and executed to the plaintiff a deed of the land and a bill of sale of the personal property. By mistake in drafting the bill of sale other property than that owned by defendant was described therein, although the property really sold was pointed out to the plaintiff. At the time of the delivery of the deed, on or about June 29, 1907, there was a complete and perfect understanding between plaintiff and defendant as to what personal property was owned by defendant and should be delivered to plaintiff, and the bill of sale theretofore and on June 27th executed was by this subsequent agreement modified so as to include only the property really sold. The evidence on the part of the plaintiff tended to show that she had an oral agreement with the defendant for the purchase of the personal property described in the bill of sale, which was evidenced later by the bill of sale, and that part of this property was taken from her by replevin brought by one Richard Nonnemacher, and she offered in evidence the record in the replevin action, which was received without objection. The evidence on the part of the defendant tended to show that after the bill of sale was drafted and signed and while it was at the bank in escrow and when the parties were engaged in correcting some errors in the deed of the real estate by the execution of a new deed, it was agreed between them that some of the personal property in question was erroneously inserted in the bill of sale and that Nonnemacher should have whatever belonged to him, and this was particularly designated, and this contradicted the written bill of sale. No new writing was made to evidence this alleged modification of the bill of sale.     . . . .

For the appellant there was a brief by *Morson & McMahon,* and oral argument by *S. J. McMahon.* They cited,

among other cases, *Brown v. Everhard,* 52 Wis. 205, 8 N. W. 725; *Kelly v. Bliss,* 54 Wis. 187, 11 N. W. 488.

For the respondent the cause was submitted on the brief of *Henry Hay.* Among other references he cited *Chicago & N. W. R. Co. v. McKeigue,* 126 Wis. 574, 105 N. W. 1030; *Vogt v. Schienebeck,* 122 Wis. 491, 100 N. W. 820; *Kammermeyer v. Hilz,* 116 Wis. 313, 92 N. W. 1107; 4 Am. & Eng. Ency. of Law (2d ed.) 557; *Ward v. Russell,* 121 Wis. 77, 98 N. W. 939; 11 Am. & Eng. Ency. of Law (2d ed.) 344, 348; *Rehbein v. Rahr,* 109 Wis. 136, 85 N. W. 315; *Everts v. Agnes,* 4 Wis. 343; *Prutsman v. Baker,* 30 Wis. 644, 648.

TIMLIN, J. The court directed a verdict for the plaintiff, holding that the parol evidence was inadmissible to contradict the written bill of sale. It has been ruled that a written agreement may be modified after its execution by parol. The modification need not rest on any new consideration. *Montgomery v. Am. Cent. Ins. Co.* 108 Wis. 146, 84 N. W. 175; *Brown v. Everhard,* 52 Wis. 205, 8 N. W. 725; *Kelly v. Bliss,* 54 Wis. 187, 11 N. W. 488; *Ruege v. Gates,* 71 Wis. 634, 38 N. W. 181; *Wis. S. F. Co. v. D. K. Jeffris L. Co.* 132 Wis. 1, 111 N. W. 237.

But it is an essential part of this rule that the parol negotiations effective for modification must take place after the written instrument is executed and in effect. All such negotiations prior to or contemporaneous with the execution of the written instrument are merged in the writing and incompetent to contradict that writing. The bill of sale of the personal property was, at the time of the negotiations in question, deposited in the bank by the seller for delivery to the buyer upon payment by the latter of the purchase money. After the negotiations in question the buyer paid the purchase money and received the bill of sale. The parol agreement was therefore one made, if at all, before the final execution of the written bill of sale and merged in that writing.

*Braun v. Wis. R. Co.* 92 Wis. 245, 66 N. W. 196; *Owen v. Long,* 97 Wis. 78, 72 N. W. 364; *Caldwell v. Perkins,* 93 Wis. 89, 67 N. W. 29. There was no error in excluding the evidence of the alleged oral modification of the contract.

*By the Court.*—Judgment affirmed.