Brown v. Oliver.

---

No. 27,449.

FRANK BROWN, *Appellee*, v. MARION A. OLIVER, *Appellant.*

SYLLABUS BY THE COURT.

1. EVIDENCE—*Parol Evidence Affecting Writing—Admissibility to Ascertain Matters Included.* A complete and unambiguous written contract of sale of lots on which stood a hotel building made no reference to hotel furniture in the building. The vendee brought an action of replevin to obtain possession of the furniture, and offered parol evidence that the transaction of sale included the furniture. *Held,* the court was authorized to hear parol evidence of conversations, conduct, and circumstances, to enable it to determine, as a preliminary matter, whether the parties intended the writing to be limited to the single subject of real estate.

2. CONTRACTS — *Construction — Matters Included.* The data considered, and *held,* the court properly concluded the written instrument was not intended to constitute exclusive evidence of an entire transaction of sale, but was intended to relate to real estate only.

3. EVIDENCE—*Parol Evidence Affecting Writing—Admissibility to Prove Part of Transaction Not Included.* Since the writing was intended to relate to real estate only, parol proof of sale of the personal property as part of one transaction of sale was properly admitted.

4. SALES—*Property Included.* There was ample evidence the hotel furniture was sold with the hotel.

Evidence, 22 C. J. pp. 1186 n. 95, 1192 n. 11, 1194 n. 17; 17 L. R. A. 272; 10 R. C. L. 103. Replevin, 34 Cyc. p. 1508 n. 61. Vendor and Purchaser, 39 Cyc. p. 1298 n. 81.

Appeal from Mitchell district court; WILLIAM R. MITCHELL, judge. Opinion filed June 11, 1927. Affirmed.

*J. W. Tucker,* of Cawker City, for the appellant.

*R. M. Anderson* and *J. F. Finch,* both of Beloit, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The action was one of replevin to obtain possession of hotel furniture. Plaintiff recovered and defendant appeals.

Plaintiff claimed ownership and right of immediate possession. Defendant denied plaintiff's claim, alleged ownership and right of possession in himself, and right of possession depended on who owned the property. Plaintiff purchased from defendant land on which stood a hotel operated by a tenant, and there was ample oral evidence that the sale included the hotel furniture owned by defendant, possession of which defendant surrendered to plaintiff with possession of the hotel. More than two years later defendant gained occupancy of the hotel by an assignment of a lease, and on being notified by plaintiff to quit removed the furniture at night. A scrivener wrote a contract of sale of the real estate which the parties signed. The instrument made no mention of the personal property. Defendant contended the writing alone could be looked to for evidence of the transaction, and the parol evidence by which sale of the furniture was established was inadmissible.

The writing was appropriate to evidence a sale of real estate to be consummated in the future, and was devoted to that subject. It was unambiguous, made no reference to any item of personal property, and contained nothing to indicate the parties were dealing with respect to any subject except land and matters incidental to the land described. The parties were not obliged to extend the writing beyond the single subject of land. They could leave personal property included in the transaction of sale to be transferred by bill of sale or by delivery on payment of price. (*St. L. L. & W. Rly. Co. v. Maddox,* 18 Kan. 546.) Such an arrangement would not contradict any provision of the land contract because it purported to relate to land only. Was it the intention of the parties to limit the writing to that single subject of negotiation? If so, the other subject of negotiation resting in parol could be proved by parol, and intention was a question of fact, to be determined by investigating conversations, conduct and circumstances. When the court, not the jury,

Brown v. Oliver.

had determined in this manner the preliminary questions of what the writing covered the court was in a position to rule on whether parol evidence of sale of the furniture should be received and go to the jury.

The scrivener could recall nothing said to him by way of information from which he prepared the contract. The evidence relating to what was said to him was that furniture was not referred to, either as a part of the property involved in the trade or as something reserved by defendant because not involved in the trade. Plaintiff testified he and defendant went to the scrivener's office to get the lot and block numbers, and the personal property was not mentioned because that had been talked over before. From this and other evidence the court was authorized to conclude that the writing was complete, that it related to land only, and that the parol-evidence rule did not apply; and consequently was authorized to permit parol proof as to what, if anything besides land, the transaction in fact embraced. The court submitted this question to the jury under instructions not complained of if the parol evidence was competent, and as indicated there was abundant evidence that defendant sold and delivered the furniture with the hotel.

In 5 Wigmore on Evidence, 2d ed., sections 2430 and 2431, the troublesome question presented by this appeal is discussed by the learned author with great acumen. The following quotations indicate the trend of the discussion:

"The most usual controversy arises in cases of partial integration, *i. e.,* where a certain part of a transaction has been embodied in a single writing, but another part has been left in some other form. . . . More correctly, the inquiry is whether the writing was intended to cover *a certain subject* of negotiation; . . . In searching for a general test for this inquiry, three propositions at least are capable of being generally laid down:

"(1) Where a particular subject of negotiation is embodied by the writing *depends wholly upon the intent of the parties* thereto. . . . The parties are not obliged to embody their transaction in a single document; yet they may, if they choose. Hence it becomes merely a question whether they have intended to do so.

"(2) This intent must be sought where always intent must be sought, . . . namely, in the *conduct and language* of the parties and the *surrounding circumstances.* The document alone will not suffice. What it was intended to cover cannot be known till we know what there was to cover. The question being whether certain subjects of negotiation were intended to be covered, we must compare the writing and the negotiations before we can determine whether they were in fact covered. . . . These alleged negotiations are re-

ceived only provisionally. Although in form the witnesses may be allowed to recite the facts, yet in truth the facts will be afterwards treated as immaterial and legally void, if the rule is held applicable. There is a preliminary question for the judge to decide as to the intent of the parties, and upon this he hears evidence on both sides. [Of course, not always in form; but he considers the data *pro* and *con.* Sometimes, but erroneously, the question of intent is left to the jury.] His decision here, *pro* or *con,* concerns merely this question preliminary to the ruling of law. If he decides that the transaction was covered by the writing, he does not decide that the excluded negotiations did not take place, but merely that *if* they did take place they are nevertheless legally immaterial. If he decides that the transaction was not intended to be covered by the writing, he does not decide that the negotiations did take place, but merely that *if* they did, they are legally effective, and he then leaves to the jury the determination of fact whether they did take place. . . .

"(3) In deciding upon this intent, the chief and most satisfactory index for the judge is found in the circumstance whether or not the *particular element of the alleged extrinsic negotiation is dealt with* at all in the writing. If it is mentioned, covered, or dealt with in the writing, then presumably the writing was meant to represent all of the transaction on that element; if it is not, then probably the writing was not intended to embody that element of the negotiation. This test is the one used by the most careful judges. . . .

"It has occasionally been laid down that, in ascertaining, in the first instance, the parties' intent to embody or not in the writing certain subjects of negotiation, *'the writing is the sole criterion,'* i. e., no search for data of intent can be made outside the four corners of the document; . . .

"Such a proposition, however, is untenable, both on principle and in practice. In practice, it is not enforced by its theoretical advocates. In theory, its fallacy is indicated by what has been already noticed (*ante,* § 2430)." (pp. 307, 308, 309, 310.)

The case of *Bretto v. Levine,* 50 Minn. 168, is cited in support of this text. In that case oral negotiations of sale of a store building, shelving considered as a part of the real estate, and personal property in the store, were consummated in part by deed which did not refer to the personal property. In an action by the purchaser to recover possession of the personal property from the seller, oral evidence was received to show that the sale included the personal property. The opinion of the court is instructive, and the conclusion is indicated by the headnote, which reads:

"A deed of conveyance of real estate, which embraces a store building provided with shelving, contained the clause, 'This grant includes all the shelving in the building.' *Held,* that the deed is not to be taken as intended to express or constitute the exclusive evidence of the whole contract or transaction, which resulted in the giving of the deed, so as to render incompetent parol proof of a sale of personal property at the same time." (p. 168.)

In the present instance the written instrument did not by itself

conclusively establish whether the parties intended it should exclude every subject of sale except real estate. Parol evidence was properly received bearing upon the question of intent for the information of the court, and the conclusion of the court that the writing was intended to cover but one subject was sound. While that conclusion may not have been reached as a finality at a preliminary stage of the trial, and may have been arrived at from consideration of all the data, it was a necessary preliminary to final decision that the parol evidence rule did not apply, and to final decision to submit to the jury the question whether the furniture was sold as a part of a transaction which included sale of real estate.

The judgment of the district court is affirmed.