MOLLET, Respondent, vs. BLOEDORN and wife, Appellants.

*October 13—November 9, 1937.*

The cause was submitted for the appellants on the brief of *Barber, Keefe, Patri & Stillman* of Oshkosh, and for the respondent on that of *Benton, Bosser, Becker & Parnell,* attorneys, and *David L. Fulton* of counsel, all of Appleton.

FOWLER, J. The defendants contend that the original contract shows what the consideration for the farm was, and that, certain payments having been specified in that contract, the rule prohibiting the change of the terms of a written instrument by parol testimony prevents the plaintiff from showing that any further payments were agreed to be made. They contend that as by the original contract they had agreed to pay only the debts therein specified, the subsequent agreement evidenced by the note in suit was without any consideration whatever.

The plaintiff contends that while the original consideration was as stated in the contract, the parties to the transaction might thereafter orally and without any new consideration modify the contract by agreeing upon an additional consideration of payment to the plaintiff for his work; that a promise to pay such additional consideration was so made; and that such promise was enforceable by the plaintiff under the rule of *Tweeddale v. Tweeddale,* 116 Wis. 517, 93 N. W. 440, and constituted a valid consideration for the note in suit.

The contentions of the plaintiff respecting the change of the terms of a written contract are sustained. See *Schoblasky v. Rayworth,* 139 Wis. 115, 120 N. W. 822, and the cases therein cited. So also as to the rule of the *Tweeddale Case, supra.* This leaves for consideration only whether the findings of the trial court that on October 1st, the date of the mother's quitclaim deed, the mother executed the deed "in consideration of the promise to her by the said defendants to pay to the plaintiff the amount owing to him . . . [by the mother] for work, labor and services" in addition to the amount specified in the original contract, and that the note was given pursuant to the promise so made, are sustained by the evidence. These findings appear to us to be supported by the evidence of the mother as to the additional agreement and the testimony as to the circumstances under which the note was executed and delivered. No useful purpose would be served by detailing this testimony. While the de-

fendants deny the promise as testified to by the mother was made, the court might properly consider her testimony more trustworthy than that of the defendants, especially as she was making her home with the defendants, and living in amity with them at the time of the trial, and had been so living ever since the transaction involved was consummated.

*By the Court.*—The judgment of the circuit court is affirmed.