## Whitteker, Administrator of Miller Holcomb v. Holcomb.

(Decided November 20, 1917.)

### Appeal from Jackson Circuit Court.

1. Evidence—Burden of Proof.—The burden of proof is upon the party who upon the whole case would be defeated if no proof were taken by either side.

2. Evidence—Burden of Proof.—The burden is upon the defendant to establish all affirmative defenses which are properly denied by the pleadings.

3. Evidence—Burden of Proof.—Defendant was sued to recover what was alleged to be a part of the consideration for land, the deed to which stated that the entire consideration was paid, but charged by plaintiff not to have been paid. The answer admitted that the sum sued for had not been paid, as was recited in the deed, and sought to avoid liability therefor by alleging a different consideration from that expressed in the deed which had been and was being furnished by defendant; these matters in avoidance were denied by reply. Held that the burden was upon the defendant to establish his plea of confession and avoidance relied on in his answer.

A. W. BAKER for appellant.

MOORE & LITTLE for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

Miller Holcomb, who was about 80 years of age and his wife who was about the same age, on November 28, 1914, conveyed to the appellee (defendant below), their son, 54 acres of land in Jackson county, Kentucky, the consideration, as recited in the deed, being "$500.00 cash in hand paid." In January following the grantor, Miller Holcomb, died intestate, and the appellant, Grant Whitteker was appointed by the county court of Jackson county personal representative of the estate of the decedent and he accepted this appointment and was duly qualified. Thereafter he brought this suit against defendant, alleging that the latter still owned the land conveyed by the deed, and that the recitation in the deed that the consideration was "cash in hand paid" was incorrect, further alleging the facts to be that defendant had paid only $50.00 of the consideration, leaving the balance of $450.00 due and unpaid, and plaintiff sought a judgment against the defendant for the latter sum and asserted a lien upon the land to satisfy it.

The first paragraph of the answer denied the alleged incorrect statement in the deed concerning the payment of the consideration. A second paragraph admitted that there was only $50.00 actually paid, and alleged that the remaining consideration of $450.00 was by agreement to be paid by the defendant taking care of, looking after and supporting his father and mother during their lives.

The reply was a traverse of the allegations of the second paragraph of the answer. In the reply the para-

graph traversing in negative terms the second paragraph of the answer was followed by an additional denial affirmatively stated, as for instance: "The plaintiff says that the allegations to the effect (here follow the affirmative allegations of the answer) are all untrue," etc. The defendant, under the impression that it was necessary, filed a rejoinder denying that the allegations in that paragraph of his answer were untrue. It requires no discussion to demonstrate that the part of the reply last referred to was entirely unnecessary, as the affirmative matter set up in the answer had already been fully met by the denials contained in the first part of the reply. In other words, the rejoinder was not necessary, and its filing in nowise altered or modified the issue.

The pleadings were filed and the issue made at the August, 1915, term of the court. At the following January, 1916 term, no proof having been taken by either side, the case was continued, but at the following March term, there still having been no proof taken, the defendant insisted upon a submission of the case upon the pleadings, which was done, and the court, under the opinion that the burden upon the whole case was on the plaintiff, dismissed the petition, and to reverse that judgment this appeal is prosecuted by plaintiff.

With the issues presented by the pleadings in the manner shown, it will be seen that the sole question for determination on this appeal is upon whom rested the burden of proof. Section 526 of the Civil Code of Practice places the burden upon the party "who would be defeated if no evidence was given on either side"; so that our task is to determine in this case which of the parties would be defeated in the absence of any evidence on either side. To our minds that question in this case is easy of solution. If the defendant had contented himself with denial only in his answer, evidently the burden would have been upon the plaintiff, since he would then have been in the position of contradicting the terms of the deed when it said that the consideration was "cash in hand paid." That recitation found in the deed was *prima facie* evidence of its truth compelling the one asserting to the contrary to overcome it with proof. However, when the defendant admitted in the second paragraph of his answer, that the consideration as stated in the deed was not "cash in hand paid" but to the extent sued for was to be paid otherwise than in cash, he admitted the incorrectness of the statement in the deed and destroyed the *prima facie* case which its statements made, and that

paragraph of his answer endeavored to substitute a different mode of payment from the one stated in the deed. This defense was in the nature of a confession and avoidance, and when denied by the reply the burden was clearly upon the defendant to establish it.

It is a universal rule of pleading, without exception anywhere, that the burden is upon the defendant to establish any character of affirmative defense. Jenkins v. Jenkins, 3 T. B. Monroe 327; Kentucky Life & Accident Insurance Co. v. Thompson, 18 Ky. Law Reporter 79, and many other cases which might be cited.

Following this rule, the burden is upon the defendant to establish want of consideration. Higdon v. Higdon, 6 J. J. Marshall 48; Andrews v. Haydon, 88 Ky. 455; Trustees v. Fleming, 10 Bush 234, and Keisewetter v. Kress, 24 Ky. Law Rep. 405. The same is true under a plea of *non est factum* in a suit upon a writing. Andrews v. Haydon, *supra*, and the same rule is applied when payment is relied upon. Clarkson v. White, 3 B. M. 376; Ermert v. Deitz, 22 Ky. Law Rep. 540, and Chester v. Day, 127 S. W. (Ky.) 794.

The general rule as recognized by the common law, and which the section of the code, *supra*, but re-enacts, is stated in 16 Cyc. 929, thus: "Should defendant not traverse, generally or specifically, the allegations of plaintiff's case, but, on the contrary, rely upon affirmative defense in abatement, or *confession and avoidance* which plaintiff denies, the burden of proof is on the defendant to prove every matter alleged relied on by him."

In support of the rule stated as applicable to pleas of *confession and avoidance* some of the cases, *supra*, from this court are cited in the note to the text.

In the late work of Chamberlayne on the Modern Law of Evidence, volume 2, section 952, the rule in cases like this is thus stated: "Should the distinct admissions made by the defendant's answer suffice to establish the plaintiff's *prima facie* case, the burden of proof is upon the defendant as to any matter relied upon in avoidance of the effect of these admissions," and in the following section (953) it is said that the burden shifts "to the defendant when he pleads in *confession and avoidance.*"

By the defendant's answer he confesses that the consideration expressed in the deed was not paid as therein stated, and he seeks to avoid his liability to make further payment by setting up the contract for support, which contract is denied by the reply, clearly making an issue

necessary for the defendant to establish in order to be relieved of liability.

We are clearly convinced that the court was in error in adjudging the burden upon the plaintiff and in dismissing his petition.

Wherefore, the judgment is reversed, with directions to set aside the order of dismissal and to give the parties an opportunity to take proof and prepare the case for trial, and for proceedings consistent with this opinion.