## Paducah Grain & Elevator Company v. Marshall.

(Decided December 1, 1922.)

### Appeal from Lyon Circuit Court.

1. Appeal and Error—Submission to Jury.—On the issue whether there was left out of a written contract by mistake certain provisions, the evidence is examined and held to be sufficient to authorize the submission of that question to the jury.

2. Sales—Contracts—Consideration.—Where one had sold twenty thousand bushels of corn to be delivered at a certain time and place, and thereafter the purchaser requested or authorized the seller to deliver thirty-five hundred bushels of it to other parties, the consideration passing to the buyer was that he should not be required under the terms of the written contract to receive and pay for that much of the corn.

3. Contracts—Parol Agreement.—The effect of such an oral agreement was merely to modify by parol the terms of the written contract, and as a contract not required to be in writing may be either fully discharged or partially modified or abrogated by parol, the instruction on this branch of the case was authorized.

4. Sales—Contracts—Delivery of Corn.—Where the plaintiff, a pur-
chaser of corn, agreed to furnish to certain persons designated by
the defendant sacks within which to ship their corn, but failed to
do so, the defendant was absolved from the duty to deliver that
much of the corn.

MOCQUOT & BERRY for appellant.

N. W. UTLEY and C. C. MOLLOY for appellee.

OPINION OF THE COURT BY TURNER, COMMISSIONER—
Affirming.

On and prior to the 1st of December, 1917, appellee,
a grain dealer at Kuttawa, had options on about twenty
thousand bushels of corn from certain farmers of that
locality. On or about that date he and appellant entered
into an oral agreement by which he sold and agreed to
deliver on the cars at Kuttawa to appellant forty car-
loads of corn, estimated to be twenty thousand bushels,
at the fixed price of a dollar and forty-six cents per
bushel. Some days subsequent to that time appellant
caused to be prepared a writing supposed to contain
the terms of this agreement; but when the same was
presented to appellee for his signature, for reasons that
are not now pertinent, he declined to sign the same, but
did thereafter on the 20th day of December, 1917, after
certain alterations and erasures were made in the instru-
ments, sign it.

However, before the instrument was finally signed
on the 20th of December appellee had shipped, as he con-
tends under the terms of his original agreement, three
carloads of the corn containing two thousand and seventy-
nine bushels, and this corn had been received and paid
for by appellant at the contract price of one dollar forty-
six cents, which was the agreed price both in the oral and
the subsequently signed written contract.

Under the terms of the written contract appellee
sold to appellant forty cars of corn of a certain descrip-
tion, estimated not to exceed twenty thousand bushels,
at one dollar and forty-six cents per bushel f. o. b. cars
at Kuttawa, and appellee agreed to load and deliver the
corn by the 25th of January, 1918, and to ship not to
exceed two carloads per day.

This is an action by appellant for damages for the
alleged breach of that contract wherein it is alleged that
appellee failed to comply with the same in that he did

not deliver to the plaintiff ninety-three hundred seventy-seven bushels of that corn on or before January 25, 1918. It is further alleged that by reason of such breach plaintiff was compelled to go upon the open market and buy corn with which to fill its contracts which defendant knew he had when he agreed to so deliver the same, and that it was required to pay, in order to get the corn, the market price of one dollar and eighty-one cents per bushel on the 25th of January, 1918, whereby it suffered a loss of three thousand two hundred and eighty-one dollars and eighty-five cents, for which it prays judgment.

The answer is in substance a denial of any breach whatsoever of the contract, and then affirmatively pleads by way of showing compliance with the same: (1) That the written contract of December 20, 1917, was executed by the parties only for the purpose of evidencing the original verbal agreement between them, which was made prior to the delivery of the three carloads of corn containing two thousand and seventy-nine bushels, and that by fraud or mutual mistake of the parties the said writing should either have been antedated or should have contained a provision showing appellee had already delivered this corn under the contract, and that the failure either to antedate the instrument or insert the other provision therein was due to the mutual mistake and oversight of the parties, or to the fraud of the plaintiff; (2) that after the entering into of said contract the plaintiff requested him not to deliver any more of the corn to the plaintiff, but to dispose of as much of same as defendant could to other parties; and that defendant consented and agreed to this proposal and under that modified agreement defendant did sell and dispose of and deliver to other parties thirty-five hundred bushels of the corn so contracted to be delivered to plaintiff, whereby he was absolved from the duty under the terms of his contract to deliver that much of the same to plaintiff; (3) he alleges that on or about the 15th of January, 1918, because of severe weather the roads in the vicinity of Kuttawa became practically impassable, and some of the farmers upon whose corn he had an option lived along and next to the river and desired to deliver the same direct to plaintiff at Paducah by way of the river and avoid hauling same to Kuttawa, and that as a result of this situation plaintiff and defendant entered into a new or modified agreement whereby such farmers might, instead of hauling the corn to Kuttawa to be

shipped by rail, ship the same directly to plaintiff by the river; and he says that under this modified agreement he arranged with two farmers, Homer Marshall and D. R. Black, who lived on the river, to ship their corn direct to appellant and that appellant, as a part of that modified agreement, was to furnish sacks in which the corn was to be shipped; that under this agreement Marshall and Black did ship by water and deliver to plaintiff at Paducah one thousand three hundred and twenty-one bushels of their said corn, and appellant received and paid for the same at the contract price of a dollar and forty-six cents; that the sacks furnished by appellant to such farmers were only sufficient to ship the said thirteen hundred and twenty-one bushels, and thereafter plaintiff failed to furnish, as agreed, any more sacks, and except for such failure there would have been shipped to him under the terms of the contract twenty-seven hundred bushels more by said farmers Black and Marshall, the plaintiff at the time having an option on four thousand bushels of corn belonging to those two farmers.

The petition alleges defendant delivered ten thousand eight hundred and twenty-three bushels under the contract. This does not embrace the two thousand and seventy-nine bushels delivered before the signing of the written contract, or the thirteen hundred and twenty-one bushels delivered by the farmers Marshall and Black by water; nor does it take into the estimate the thirty-five hundred bushels sold as alleged to other parties at plaintiff's request or the twenty-seven hundred bushels which Black and Marshall would have delivered if, as alleged, plaintiff had not failed to comply with its agreement to furnish sacks.

Keeping in mind that defendant only contracted in the original oral agreement to furnish twenty thousand bushels, and informed plaintiff at the time he only had options on that quantity, it is reasonably clear the two thousand and seventy-nine bushels were shipped on the contract and that the thirteen hundred and twenty-one bushels upon which defendant had an option and which plaintiff paid for at the contract price should be credited thereon.

The evidence further fully justifies the verdict on the issue whether plaintiff requested or authorized defendant to sell the thirty-five hundred bushels to other parties, and this request or authorization relieved defendant

of the duty of furnishing to the plaintiff that number of bushels under the terms of the contract.

As to the twenty-seven hundred bushels not delivered by Black and Marshall because of the alleged failure of plaintiff to furnish sacks, the evidence is convincing not only that defendant had an option on this very corn but that if the sacks had been forthcoming the shipment of same would have been made to the plaintiff according to the terms of this agreement. Under these circumstances the defendant was absolved from the duty of delivering under the contract both the thirty-five hundred bushels and the twenty-seven hundred.

The instructions fully and accurately submitted these various issues to the jury, and the verdict was fully authorized by the evidence on each of them.

The first ground urged for reversal is that there is no evidence upon which to base an instruction given by the court that if there was omitted from the written contract by fraud or mistake the provision that the two thousand and seventy-nine bushels delivered prior to the signing thereof were to be and were delivered under the terms of the agreement, then they should credit defendant with the delivery of that number of bushels under the contract. But to this we cannot agree. Not only does the defendant state that at the time of the delivery of this corn and of the signing of the written contract that it was understood and agreed between them that this previously delivered corn was made under the terms of the contract, but he testifies that he had told them in the first place that he had options on twenty thousand bushels, and it could hardly have been in the minds of the parties that this large quantity of two thousand and seventy-nine bushels was not a part of the twenty thousand bushels upon which he had options. Not only so, that the plaintiff expected these shipments made after the original verbal agreement is apparent from the fact it paid for the same at what they all say was the contract price of one dollar and forty-six cents per bushel, and we entertain no doubt whatsoever from all the facts and circumstances in evidence that each of the parties overlooked at the time of the signing of the contract on the 20th of December that there had already been delivered this quantity of corn to be applied thereon.

The next complaint is that the court erred in permitting defendant to show the market price of corn at Kuttawa without first proving there was a market at

Kuttawa. The response to this is that the evidence does so show, for there were introduced on the trial three or four witnesses who stated they were engaged during the winter of 1917-1918 in the purchase of carload lots of corn at and around Kuttawa, and they each show not only that there was a market for corn at that place but that they knew from the nature of their business what the market price was.

It is also said it was error to submit to the jury the issue whether defendant sold thirty-five hundred bushels of the corn contracted to appellant by and with its consent to other parties because, as said, there was no consideration for such agreement.  Plainly counsel is in error in so claiming; the consideration passing to appellant was that it should not be required under the terms of its written contract to receive and pay for that much of the corn, while the consideration to appellee was that he should be relieved of his duty under his contract to deliver that much of the corn under its terms.  The effect of this agreement was merely to modify by parol the terms of the written contract, and that a contract not required to be in writing may be either fully discharged or partially modified or abrogated by parol agreement has long been the rule in this state.  Murray v. Boyd, 165 Ky. 625.

The evidence shows clearly that the farmers Black and Marshall had at least four thousand bushels of corn upon which appellee had an option, and all of which would have been delivered to appellant on the contract except for its failure to furnish sacks for the shipment thereof as it had agreed to do, and the court did not err in submitting this question.

There is some complaint of the measure of damages fixed by the court in its instruction, but, if it be conceded the measure of damages fixed was erroneous, it could not affect the substantial rights of appellant for the reason that the jury has, by its verdict, found appellee has in fact complied with his contract, and if there has been a compliance, the measure of damages to which appellant would be entitled if there had not been becomes immaterial.

The verdict is fully justified by the evidence, and the judgment is affirmed.