## Covington & Anderson v. Melvin.

(Decided February 6, 1923.)

### Appeal from Graves Circuit Court.

1. Contracts—Modification by Oral Agreement—Sale of Machinery.—Where a farmer buys a tractor on a warranty that it will do satisfactory work and under an agreement that the said tractor should be demonstrated on his farm and when it had been satisfactorily demonstrated the purchaser agreed to pay cash therefor and the seller undertook to demonstrate the tractor but found it had some defects and the demonstration was not completed, and the contracting parties agreed between themselves that the buyer should pay the seller $400.00 on the purchase price with the understanding that if the demonstration was not satisfactory and the tractor did not prove satisfactory to the buyer the $400.00 should be returned by the seller to the buyer, such latter agreement, though verbal, will be enforced even though the original contract was in writing.

2. Contracts—Intention of Parties.—The intention of the parties to an agreement, if it can be found from the instrument itself, will prevail over all other rules of construction.

W. J. WEBB for appellants.

HESTER & HESTER for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON—Affirming.

Appellants, Covington & Anderson, were dealers in farming machinery, including gasoline power Samson farm tractors, with headquarters at Mayfield. Appellee Melvin, a farmer, contracted for the purchase of one of said farm tractors. The contract reads:

"Subject to conditions printed on the back of this form, I pay herewith instruction fee ($65.00) and order Samson farm power specified below; to be delivered on or about 3/25/12.

| | |
|---|---|
| Samson model M tractor with platform and fenders attached | $700.00 |
| Samson model M platform and fenders | $50.00 |
| Freight and factory | $35.00 |
| Total amount this order, including freight | $785.00 |

"Buyer's signature,
W. I. MELVIN,

R. F. D. No. 1.                    Farmington, Kentucky.

"Order accepted and fee received.
COVINGTON & ANDERSON.
By E. A. ANDERSON.

"Model M Tractor Delivery and Instruction
Fee $65.00

"For the sum of sixty-five dollars ($65.00), payment
of which accompanies this order, you are to deliver the
above tractor to my·farm on a truck, and send with it a
competent man, who shall demonstrate it, to do satisfac-
torily work for which it is intended, and to give me or my
operator all instructions necessary for the proper opera-
tion, care and maintenance of the tractor.

"It is understood that if, in demonstration, the trac-
tor does not handle the work to my satisfaction the with-
in instruction fee of $65.00 shall be returned to me.

"Upon completion of satisfactory tractor demonstra-
tion, I agree to accept and pay cash for the above pur-
chased Samson farm power, including freight from fac-
tory."

At the time of making the contract appellee Melvin
paid the instruction. fee of $65.00. The tractor was de-
livered but owing to some defect or deficiency it did not
work satisfactorily and appellants later tried to and did
fix it and a demonstration was to be had. ·Before a satis-
factory demonstration was made and before appellants
had demanded or were entitled to receive the contract
price of the tractor appellee Melvin paid them $400.00 on
the price of the machine with the express understanding,
as claimed by him, that said sum should be returned to
him by appellants in case the machine did not prove satis-
factory. Appellants deny that the payment of $400.00
was received by them under any such agreement, but say
that appellee expressed himself satisfied with the tractor
and its performance at the several previous demonstra-
tions and offered to and did· pay the four hundred
($400.00) dollars on an acceptance of the tractor, and
the same was received by appellants only because appel-
lee did not have the full price and with a promise from
appellee to pay the balance in a few days. Appellants
say further that said payment was made after a full de-
monstration of the tractor and after appellee had ac-
cepted the same and in confirmation of such acceptance;
that by the terms of the contract the tractor was to do
only such work as it was built to do, and the said writing
mentioned in plaintiff's petition contained all of the con-
tract, and as appellee did not ask for a reformation of
the contract he could have none without which the greater
part of appellee's evidence was incompetent. ·

Whatever may be the correct interpretation of the written contract attached to appellee's petition, it is certain that the original parties to such an agreement may make a subsequent verbal arrangement changing any or all of the terms of the written contract. That they did so change some of the terms of the contract both agree. A partial payment was made and accepted contrary to the terms of the contract. If, as contended by appellee Melvin, an agreement was made at the time of the payment of the $400.00 between the parties to this action, whereby the said sum was to be returned by appellants to appellee if the tractor did not prove to be satisfactory to appellee after a full trial and demonstration but failed to do so, then appellee was entitled to recover of appellants the said sum, when it was finally determined that the tractor was not satisfactory. These were the issues accepted by both parties at the trial. These precise questions were submitted to the jury by instructions Nos. 4 and 5, which very clearly presented the contentions of each party and their respective theories of the case. The jury found for Melvin and the judgment entered thereon will not be disturbed. For these reasons the judgment is affirmed.

Judgment affirmed.