## Vandivier v. Tye et al.

(Decided November 22, 1929.)

R. W. KEENON and W. W. MOORE for appellant.

LESLIE W. MORRIS and STEPHENS & STEELY for appellee.

Opinion of the Court by Commissioner Tinsley—Affirming

The appellant, as plaintiff below, instituted this suit against the appellees, as defendants below, to recover a balance of $1,080 claimed to be due for rent of a steam shovel leased to them by written contract dated November 20, 1924, under which they took possession on that day, and for which they agreed to pay at the rate of $450 per month, alleging that they returned the shovel to him on September 12, 1925, and that the total amount of rent was the sum of $4,380, of which sum they had paid $3,300, and that there was due the balance sued for.

The defendants filed answer and counterclaim, in which they admitted execution of the contract, that they took possession of the shovel on November 20, 1924, and retained it until September 12, 1925; but denied there was due plaintiff for rent of the shovel during the time

they had it in possession the sum of $4,380, or any sum in excess of $2,700, and denied there was due plaintiff a balance of $1,080 or any sum or amount.

By way of counterclaim, they asserted that, at the time they made the contract sued on, they were engaged in road construction work in this state; that shortly after making the contract the state highway commission of Kentucky, under which defendants were working, gave notice that there would be no further payments made for road work until the spring of 1925, and until further notice from the commission; that, when this notice was given, they and appellant modified the contract between them, by which it was agreed that appellant would make no charge against them for the steam shovel, nor expect them to pay for its use, until the highway commission resumed payments on road construction work; that, at the time the highway commission gave the notice referred to, they had not received the steam shovel from the railroad company, and would not have received it, but would have returned it to appellant immediately, but for the modification of the contract by which they were relieved from paying for the shovel until the highway commission resumed payments for construction work; that, after the contract was so modified, they received and unloaded the shovel, and took care of it until they were permitted to resume work; that they began work and commenced to use the shovel on March 12, 1925, and returned it to appellant September 12, 1925, using the shovel for a period of six months, for which the rental aggregated the sum of $2,700.

They further pleaded that they had lost or misplaced their copy of the contract, and, when they began to use the shovel, they were under the impression they were to pay for it $550 per month, and that, under that impression, they paid appellant $550 per month for the six months they used the shovel, aggregating $3,300, and by mistake paid him $600 more than he was entitled to receive from them, for which sum they sought judgment. They further pleaded that they loaded the shovel on the railroad car for appellant, and for which he agreed and promised to pay them $93.38; and that they sold plaintiff a casting for a boom clasp, for which he promised to pay them $25, and they sought judgment against him for these sums. A demurrer to the second paragraph of the answer and counterclaim having been overruled, appellant filed reply. Upon the trial, verdict

was returned for appellees for the sum of $600 on their counterclaim, and, from the judgment thereon and dismissing the petition, this appeal is prosecuted.

1. The first ground of complaint is that the court should have sustained the demurrer to the counterclaim. The petition declared upon a written contract. The answer and counterclaim pleaded an oral modification of the contract. It is now insisted that modification cannot be had except upon grounds of fraud or mistake, and then only as to consideration. In this contention counsel are in error. It is a well-settled rule that a contract not required to be in writing may be discharged, waived, abandoned, or modified by subsequent oral agreement, and that the parol evidence rule does not exclude oral testimony to establish the fact in a proper case. 6 R. C. L. sec. 299, p. 915; Chiles v. Jones, 3 B. Mon. 51; King Co. v. L. & N. R. R. Co., 131 Ky. 46, 114 S. W. 308; Murray v. Boyd, 165 Ky. 625, 177 S. W. 468; Covington, etc., v. Melvin, 197 Ky. 573, 247 S. W. 714.

The contract sued on was not required to be in writing. Hence it could be modified by subsequent parol agreement. The fact, as is shown by the evidence, that, after the modification of the contract, appellees unloaded the shovel and took care of it during the winter, and relieved appellant of that trouble and expense, is a sufficient consideration for the modification. Paducah Grain & Elevator Co. v. Marshall, 196 Ky. 673, 246 S. W. 30.

2. It is next complained that the court erred in denying to appellant the burden of proof. Section 526 of the Civil Code of Practice provides that the burden shall be upon the party "who would be defeated if no evidence were given on either side;" and appellant insists that, inasmuch as he sued to recover a balance of $1,080, and appellees denied that there was a balance of that sum or any sum or amount, due appellant, if no proof had been introduced, he would have been defeated, and therefore the burden was upon him. Ordinarily, this contention would be correct. In this case, however, after admitting the contract sued on, the defendants sought to avoid it by pleading that, after its execution, the parties to it so modified it that not only was the amount claimed by plaintiff not due or owing, but that they had in fact, by mistake, paid plaintiff more than was due him.

In the case of Whitteker v. Holcomb, 177 Ky. 790, 198 S. W. 533, 534, it is said that the general rule as rec-

ognized by the common law, and which the section of the Code, supra, but re-enacts, is stated in 16 Cyc. 929, thus:

"Should defendant not traverse, generally or specifically, the allegations of plaintiff's case, but on the contrary rely upon affirmative defense in abatement, or confession and avoidance which plaintiff denies, the burden of proof is on the defendant to prove every matter alleged relied on by him."

The defense in this case is an affirmative one—a defense of the nature of confession and avoidance—and squarely within the rule above set forth. When defendants admitted the execution of the contract sued on and the retention of the shovel in their possession for the time alleged in the petition, had no proof been introduced, plaintiff would have been entitled to a judgment on the pleadings. Consequently, it was not error to adjudge the burden upon appellees. Whitteker v. Holcomb, supra; Home Insurance Co. v. Johnson, 226 Ky. 594, 11 S. W. (2d) 415; Colker v. Connecticut Fire Ins. Co., 224 Ky. 837, 7 S. W. (2d) 502.

3. The court gave to the jury five instructions. By No. 1 the jury were told to find for the plaintiff (appellant) the sum of $1,080, unless they should believe that the written contract was subsequently modified so as that defendants (appellees) were only to pay for the shovel while in use, and were not to pay for it whilst the highway department had suspended operations. By No. 2 the jury were told, if they believed that by mutual consent of the parties the written contract was so modified as that defendants were only to pay for the shovel whilst it was in use, then on the counterclaim on the item of overpayment for the use of shovel, if it was such, the jury should award the defendant $600. It is complained that instructions Nos. 1 and 2 are erroneous, because the pleading upon which they are based is bad, and that No. 2 is merely a reiteration of No. 1, and unduly impressed upon the jury that they must find for the appellee. The first contention is without merit, since, as we have hereinbefore shown, the demurrer to the second paragraph of the answer was properly overruled. Instruction No. 1 fairly presents appellant's contention, and is substantially the same as instruction 10 offered by appellant.

Instruction No. 2 presents appellees' contention. These instructions very clearly presented the issues, and are not subject to the criticism directed to them.

Instructions Nos. 3 and 4 were directed toward the other items asserted in the counterclaim; but, as there was no finding against appellant under either of them, he has no grounds for complaint.

4. After the motion for a new trial was overruled and appellant had superseded the judgment against him, he filed suit for a new trial pursuant to the provisions of section 344 of the Civil Code, alleging as grounds therefor that since the trial he had discovered that one Ora Cox was present at the time the conversation took place between plaintiff and defendant, H. S. Tye, in which conversation it was claimed by appellees that the contract was modified so as that appellees were not required to pay rent for the shovel until the state highway commission resumed road construction work, and that said Cox would testify that, after the shovel had been shipped to defendants, H. S. Tye came to see plaintiff, and that plaintiff did not state to Tye that he would make no charge for the shovel while same was not in use, but that plaintiff agreed that Tye was not to make any payments on the rental until after the highway commission resumed work, and Tye was permitted to collect money from the state, and that Cox would further testify that there was no agreement to deduct anything from the regular contract price, but only that Tye was not to be compelled to pay anything thereon until after work was resumed; that since the trial he had found Jake Mink, Glenn Ponder, and Amon Harlow, and that each of them would state that they were present when the steam shovel was loaded, and that Tye and the men employed by him volunteered their assistance in loading the shovel because Tye was in a hurry for it. He alleged that he did not know that these witnesses knew these facts, and could not have ascertained the same by exercising ordinary care and dilligence.

A demurrer was sustained to the petition, and thereupon plaintiff filed an amended petition, in which he alleged that, at the time of the trial of the original action, he did not know either the time or place at which the defendants would attempt to prove that the written contract sued on was modified, and for that reason was unable to produce any witnesses in reference to the alleged modification; that he (plaintiff) resides in Mercer county, Ky., and has contracts in other sections of the state, and had meetings with the defendants at various points, and for this reason it was impossible for him to

know as to what time or place the plaintiff would attempt to prove the alleged modification occurred; that he has a large number of men employed throughout the year, and he had no opportunity to interview his various employees until after the trial to determine which of them, if any, were present when the alleged modification was had. A demurrer was sustained to the petition as amended, and, plaintiff having declined to plead further, his petition and amended petition were dismissed, and he has appealed from that judgment also, both appeals having been consolidated and heard together.

It was formerly the rule that, in a petition for a new trial pursuant to section 344 of the Code, it was necessary to plead the original cause of action, the defense thereto, the evidence and all proceedings thereon, and to make the record a part of the petition by reference, or file copies thereof as exhibits (Overstreet v. Brown, 62 S. W. 885, 23 Ky. Law Rep. 317; Weir v. Weir, 45 S. W. 66, 19 Ky. Law Rep. 2005); but by later opinions of this court the rigor of that rule has been relaxed, and it may now be said that a petition for a new trial under section 344 of the code will ordinarily be sufficient if it states the facts with reference to the judgment sought to be effected with sufficient fullness and definiteness to enable the court to determine whether there has been a miscarriage of justice because of casualty or misfortune which prevented the complaining party from producing his evidence or properly presenting his case. But this does not mean that it is not necessary, in any case, to make part of the petition for a new trial the record and proceedings of the original trial, as cases might arise in which it would be necessary to set out in full all the pleadings, orders, and evidence in the original case to enable the court passing on the petition for a new trial to determine whether a new trial should be granted. Smith v. Chapman, 153 Ky. 70, 154 S. W. 915; National Concrete Construction Co. v. Duvall, 153 Ky. 394, 155 S. W. 757.

It does not appear upon what grounds the court sustained the demurrer to the petition and petition as amended; but whether upon the ground that the petition was defective, or that no affidavit of Cox was filed showing his presence and hearing of the conversation between appellant and Tye, or whether the petition failed to show diligence upon the part of appellant to procure Cox's attendance on the original trial, the record shows that the

answer and counterclaim in the original suit was filed March 7th, 1927. The plaintiff was then advised that defendants would rely upon a modification of the contract sued on. If he did not know, and had no information as to when and where defendants would contend the modification was had, he could have secured the information by a motion to make the pleadings more definite and certain, or he could have, under subsection 8 of section 606 of the Civil Code, taken Tye's deposition as if under cross-examination, and by either means could have secured the information desired. The failure to take either of these steps is such a lack of diligence as to require the denial of a new trial. In addition to this, in his own testimony on the trial of the original case the plaintiff stated that the conversation between him and Tye occurred on the Dixie Highway, where plaintiff was then working, between East Liberty and Mt. Vernon; and he testified to the same state of facts he alleges he could prove by Cox; and both he and S. H. Tye testified that no person other than themselves was present.

The facts which it is alleged plaintiff could prove by Jake Mink, Glenn Ponder, and Amon Harlow could have no bearing upon the application for a new trial, because the jury found for plaintiff on appellees' claim for $93.38, expenses of loading the shovel, and the $25 claimed for a boom clasp furnished to plaintiff.

Wherefore, perceiving no error, the judgment in the original action and the judgment in the suit for a new trial are both affirmed.