RUEGE and another, Respondents, vs. GATES, Appellant.

*April 18 — May 12, 1888.*

*(1, 2) Practice: Pleading: Opening case to jury: Amendment of plead-
ing: Waiver. (3) Instructions to jury. (4) Evidence: Court
and jury. (5) Contracts: Modification: Consideration.*

1.  Plaintiff's counsel in opening the case to the jury made some re-
marks to which defendant objected. The court reserved its ruling
until the evidence was offered, and defendant excepted. Evi-
dence to substantiate the remarks was then introduced without
objection, but plaintiff's request for leave to amend the complaint
to correspond with such evidence was, on objection by defendant,
refused by the court. *Held,* that the error, if any, of not declar-
ing the remarks of plaintiff's counsel improper, was cured by the
refusal of leave to amend the complaint, even if there was not a
waiver of the exception by not objecting to the testimony of the
same effect.

2.  An exception to the allowance of an amendment to a complaint is
waived by asking a continuance as the terms thereof.

3.  Where the jury has just been told that they must determine what
is the truth between the parties "from all the testimony," a charge
that they may decide a question as they think "truth and justice
between the parties require," is not erroneous as instructing them
to determine what is *just* rather than what is according to the
contract and the evidence.

4.  Plaintiffs' counsel stated on the trial that the price they were to pay
for certain feed was as defendant claimed, and such statement was
assented to by one of the plaintiffs on the witness stand, but it did
not clearly appear that the statement and assent were intended to
be conclusive, and both parties afterwards introduced evidence to
show what the feed was worth. *Held,* that it was not error to
submit the question as to the value or price of the feed to the jury,
who might consider the admission, if any, with the other testi-
mony.

5.  Parties can agree to change or modify their contracts without any
new consideration.

APPEAL from the Circuit Court for *Clark* County.

Action to recover the sum of $110.52, being the balance
alleged to be due to the plaintiffs on a contract for cutting,

hauling, and banking pine logs. The facts are sufficiently stated in the opinion. There was a verdict for the plaintiffs for $106.66, and from the judgment entered thereon the defendant appeals.

*I. W. Mason*, for the appellant.

*James O'Neill*, for the respondents.

ORTON, J. This action is brought to recover the contract price for cutting, hauling, and banking 838,390 feet of pine logs, at $2 per thousand. In the written contract there is a clause requiring the plaintiffs "to break the rollways in the spring." The plaintiffs gave the defendant credit in their complaint for payments on the contract of $1,566.26. The defendant answered that the plaintiffs cut, hauled, and banked only 797,000 feet of logs, and that they had been paid therefor the sum of $1,686.66, and that they had failed to break the rollways in the spring as required by said contract, to the damage of the defendant of $50. At the trial the plaintiffs' counsel, in opening their case to the jury, before any evidence was given, stated substantially that the plaintiffs signed the contract without knowing that said clause requiring them to break the rollways in the spring was in it, and that the defendant read the contract to them, omitting said clause. This was objected to by the defendant's counsel, and the court reserved its ruling on the subject until the evidence was offered, and this was excepted to. The plaintiff *Ruege*, as a witness, testified without objection as follows: "He [*Gates*] made a contract, and I could not read it at all. He was reading it to us, and when he read it he jumped that line about breaking the rollways in the spring; he did not read that to me." The plaintiffs' counsel thereupon asked leave to amend the complaint by inserting an allegation that said clause was not read or understood by the plaintiffs at the time, and that it was in the contract by mistake or fraud.

This was objected to by the defendant's counsel, and leave to so amend was refused by the court. The only exception taken and the only error assigned in respect to the above was that the court did not declare the above remarks of the plaintiffs' counsel to the jury improper. This error, if any, was cured by the refusal of leave to so amend the complaint, by which the whole matter was excluded from the jury, if there was not a waiver of the exception by not objecting to the testimony of the same effect.

2. The plaintiffs were allowed to amend the complaint by alleging that the defendant waived the performance of the stipulation contained in said clause, and this was excepted to by the defendant's counsel who at the same time asked for a continuance to procure witnesses to meet this new issue. The court took a recess, that the defendant's counsel might prepare the necessary affidavit for such continuance. After recess the defendant's counsel stated to the court that he had concluded not to present any affidavit for continuance, and thereupon the trial proceeded. The exception to the allowance of the amendment was waived by asking a continuance as the terms thereof, and the amendment itself was properly allowed according to sec. 2830, R. S. And yet the learned counsel for the appellant insists in his brief that allowing the amendment without terms was error, when he refused to make an affidavit of surprise, or that he was misled by the amendment, or that he desired or needed a continuance.

3. Exception is taken to the following part of the instructions to the jury: "You have heard the testimony of Mr. Currier as to the character of his scale of the logs, and of the manner in which the lumber inspector diminished the amount which he ascertained." It is complained that there was no evidence as to the *manner* in which the lumber inspector, Mr. Young, diminished the amount Mr. Currier had ascertained it to be. The learned counsel must have failed to notice the testimony of Mr. Currier as to the *manner* in

which Mr. Young diminished his scale of the logs.    He testified that Young came there only once, and about the time he was through with the scaling, and examined only a part of the logs, and made an arbitrary deduction of his scaling of from eight to ten per cent.

4. The instruction that the jury might determine the question as to whether the plaintiffs ought to have broken the rollways, and the cost of doing so, as they might think "truth and justice between the parties require," is complained of as erroneous, because they were instructed to decide what was *just* rather than what was according to the contract or the evidence.    The jury could not have so understood, for they had just been told that they must determine what was the truth between the parties, "from all the testimony."

5. It is complained that the court left the question to the jury as to what was the intention and understanding of the parties as to the price the plaintiffs should pay for certain feed which they obtained of Coburn & Co. on the order of the defendant to apply on the contract, after the plaintiffs' counsel had stated on the trial that it was $20 per ton and that was assented to by one of the plaintiffs as a witness on the stand.    Whether such statement and assent were meant to be a determination of that matter it is difficult to say from the form and manner in which they were made. It seems that the parties did not think it conclusive, for they both introduced evidence afterwards to show what the feed was worth per ton, and it was in evidence that Coburn & Co. charged the defendant for the same only $18 per ton.    Under such circumstances it does not seem to have been improper for the court to leave the whole question of its value or price to the jury.    That was certainly fair and just, and the jury could take into consideration the admission, if any, with the other testimony, to determine what the plaintiffs ought to pay for the feed.

6. There was a colloquy between the defendant's counsel and the court as to what the testimony was concerning the waiver of the clause requiring the plaintiffs to break the rollways. The counsel insisted that the testimony was that the defendant waived it only in consideration that it should be a final settlement of all matters between the parties, and the court asserted that such was not the testimony. The court was clearly right about it. The defendant did not testify that there was any understanding or agreement between the parties that such waiver was to be a final settlement or in consideration of it. His testimony was only as to what *he* thought or intended, and was not that any such thing was said or talked about when he told the plaintiffs that they need not break the rollways. In connection with this exception to the charge or statement of the court the learned counsel of the appellant rather inconsistently argues in his brief that the waiver of the performance of that clause in the contract was without *any* consideration and void. Parties can agree to change or modify their agreements without any new consideration. *Brown v. Everhard*, 52 Wis. 205.

There were numerous other exceptions taken to the charge of the court, but they are not insisted upon in appellant's brief. The instructions appear to have been very full and fair, and the evidence was of such a character that we think the jury were warranted in finding as they did in favor of the plaintiffs. The testimony on behalf of the plaintiffs was sufficient to entitle them to the verdict which the jury found in their favor, and that affords a sufficient reason for this court not to disturb it.

*By the Court.*— The judgment of the circuit court is affirmed.