(February 11, 1908.)

## RUSSELL & BARBOUR, Respondents, v. J. G. LAMBERT, Appellant.

[94 Pac. 54.]

COMPROMISE—MODIFIED AGREEMENT—CONSIDERATION.

1. Where parties have been doing business under a written agreement, and differences and contingencies arise which were not foreseen and provided for by the agreement, and they thereafter make an additional or subsequent agreement "in order to avoid complications" and for the purpose of fixing a basis on which their settlement shall be had, the consideration for the latter agreement is sufficient in law, and will not be disregarded by the courts for want of consideration, although no pecuniary consideration passed.

2. The settlement of disputes and fixing a basis on which such settlement shall be made is a sufficient consideration for an agreement or contract of compromise.

(Syllabus by the court.)

APPEAL from the District Court of the Seventh Judicial District, for the County of Washington. Hon. Ed. L. Bryan, Judge.

Action for debt. Judgment for plaintiffs. Defendant moved for a new trial and appealed from the judgment and order denying his motion. *Affirmed.*

L. L. Feltham, for Appellant.

"A compromise and settlement must, like all other contracts, be supported by a sufficient consideration or it cannot be enforced." (8 Cyc. 504; *Thompson v. Hudgins,* 116 Ala. 93, 22 South. 632.)

"The real consideration which each party receives under such a compromise is, according to some authorities, not the sacrifice of the right, but the settlement of the dispute." (8 Cyc. 512.)

The compromise agreement was incomplete and bound no one. Its very language was, "In order to avoid complications,

I agree to pay (certain definite wages) and . . . . all actual expenses of logging and cutting lumber as per above, expenses to be accounted for by accounts and receipts." These words called for an accounting that was satisfactory to the appellant.

L. L. Burtenshaw, for Respondents.

"A written executory contract may be modified by a subsequent agreement between the parties, founded upon no other consideration than the assent of the parties." (*Warren & Lanier v. Cash*, 143 Ala. 158, 39 South. 124; *Reuge v. Gates*, 71 Wis. 634, 38 N. W. 181; *Izard v. Kimmel*, 26 Neb. 51, 41 N. W. 1068; *Frey v. Clifford*, 44 Cal. 341; *Belloc v. Davis*, 38 Cal. 256; *Naglee v. Lyman*, 14 Cal. 450; *Vassault v. Edwards*, 43 Cal. 458.)

AILSHIE, C. J.—This action was commenced by the plaintiffs to recover from the defendant for labor and cost and expenses of logging and cutting timber for the defendant and for the delivery of certain lumber and material at the places specified in the contract. The original contract between the plaintiffs and defendant was in the nature of a lease whereby the defendant leased and let to the plaintiffs a certain sawmill belonging to defendant. The plaintiffs, among other things, were to cut a large quantity of lumber and receive specified compensation therefor, together with certain compensation for the delivery of the lumber at the market places. Thereafter some differences and disputes and disagreements arose between the lessees and the owner of the mill, the outcome of which was that the mill was turned back to the owner, the appellant herein. By paragraph 7 of plaintiffs' complaint, they allege that on October 11, 1906, they turned over to the defendant the sawmill and all property received from him under the original contract, and that they then and there attempted to make settlement with defendant, but were unsuccessful in making any settlement at that time. By paragraph 8 they allege that on October 13th, "in order to effect a settlement, and to avoid litigation and further trouble, the said parties plain-

tiff herein entered into the following agreement with the said defendant:

" 'Council, Idaho, Saw Mill, Oct. 13th, 1906.

" 'In order to avoid complications, I, J. G. Lambert, agree to pay Russell & Barbour $75.00 Per month each counting 26 days a month and allowing full time, except Sundays, from the 17th day of July, 1906, till the evening of the 11th day of October, 1906, above actual expense of logging and cutting timber during the above stated time by the said Russell & Barbour, and I, J. G. Lambert, agree to pay all actual expenses of logging and cutting lumber as per above, expenses to be accounted for by accounts and receipts.

" 'We, the undersigned, mutually agree to the foregoing.

" 'J. G. LAMBERT.

" 'R. M. BARBOUR.

" 'GEO. T. RUSSELL.' "

By paragraph 9 plaintiffs allege that on October 15th, they demanded settlement with the defendant in pursuance with and according to the terms of the additional or supplemental agreement of October 13th, and that the defendant neglected and refused to pay them. The defendant demurred to the complaint and also moved to strike these three paragraphs, 7, 8 and 9, from the complaint. The court overruled the demurrer and also the motion, and the appellant assigns that action as error. It is argued that this agreement of October 13, 1906, was a compromise agreement and was without consideration. The objection is not well taken. The agreement was made after the happening of contingencies not foreseen in the original agreement. The appellant had taken back the mill and the parties were no longer operating under the original agreement, but were, on the contrary, having differences and disputes as to a proper settlement for the time the plaintiffs had been in possession of the property and been cutting lumber. The settlement of that dispute and the fixing of a definite basis upon which settlement could be made was within itself a sufficient consideration for the new agreement. The first clause in the agreement, namely, ''in order to avoid complications'' indicates the purpose of the agreement. A

sufficient consideration is shown for the agreement to enable plaintiffs to maintain their action thereon. (*Elliott v. Howison,* 146 Ala. 568, 40 South. 1018; *Ruege v. Gates,* 71 Wis. 634, 38 N. W. 181; 8 Cyc. 509-512.)

It is further contended by the appellant that the respondents failed to comply with that part of the agreement of October 13th wherein it is stipulated, "expense to be accounted for by accounts and receipts." This contention is not supported by the record. The plaintiffs substantially complied with the requirement in furnishing bills, receipts and vouchers upon which a settlement was asked.

The record contains a long list of assignments of error, all of which go to rulings of the court in admission of evidence and rejection of proofs offered and to the sufficiency of the evidence to justify the findings and judgment. After an examination of these assignments and specifications of error, and the record upon which they depend, we are satisfied that no prejudicial or substantial error has been committed and that the judgment in this case should be affirmed. In this view of the case it would serve no useful purpose to consider or discuss these assignments further in this opinion. The judgment is affirmed, with costs in favor of respondents.

Sullivan, J., and Stewart, J., concur.