## The Kahler Company v. W. P. Brown & Sons Lumber Company.

(Decided October 2, 1923.)

Appeal from Jefferson Circuit Court
(Common Pleas Branch, First Division).

1. New Trial—Granted Where Verdict Contrary to Erroneous Instruction.—Where the verdict is contrary to instruction, a new trial should be granted, even though the instruction is erroneous.

2. Trial—Evidence Held to Warrant Court in Assuming a Broker Had Authority to Cancel Sale Contract.—In an action for damages for breach of contract to deliver lumber, held, under the evidence, that the court did not err in assuming that the broker handling the

deal had authority from defendant to enter into negotiations with plaintiff and to cancel part of the order.

3. Sales—Whether Part of Order was Cancelled Held for Jury.—In an action for damages for failure to deliver lumber, whether part of the order was cancelled by agreement of the parties held for the jury.

BRUCE, BULLITT & GORDON and DUFFLIN, VANCE & DUFFLIN for appellant.

FRED FORCHT for appellee.

Opinion of the Court by Judge McCandless—Affirming.

The parties hereto are corporations. The appellant is engaged in the manufacture of automobile bodies in the city of New Albany, and the appellee is a wholesale dealer and manufacturer of lumber, with its principal office in the city of Louisville. J. C. Hunter is a lumber broker in the city of Louisville, not connected with either party.

In the month of October, 1919, in his capacity as broker, he procured from appellee and carried to appellant a proposition to sell to it certain lumber at a certain price, and appellant executed and sent to appellee through him, a written order, reading as follows:

"The Kahler Co., Automobile Bodies, New Albany, Ind., 10/27/19.

"This order must appear on inv. No. 5531.

"To W. B. Brown & Sons Lumber Co., Louisville, Ky.

"Please enter our order for the following upon the conditions as here noted:

Ship via Monon, dely. f. o. b. Regular terms New Albany, Ind.

CONDITIONS

1. Acknowledge receipt of this order at once naming shipping date.

2. Do not execute at higher prices than previously quoted or charged, without first advising us.

3. All goods shipped on account of this order will be carefully inspected by us, and if rejected will be subject to your order.

4. We reserve the right to cancel this order if not filled within a reasonable length of time and if material is not satisfactory to us.

Price

200,000′  8/4 No. 2 common and better elm $52.00
300,000′ 10/4 No. 2 common and better elm  56.00
 25,000′ 12/4 No. 2 common and better elm  59.00

"Same to run not over 20% No. 2 common.

"Not to be shipped until dry.

"No shipments to be made within next thirty days.

"The Kahler Company,
Per Ferd Kahler."

This order was duly accepted by the appellee. Subsequently appellant, desiring to make some change in the size of the material, sent a second order upon the same character of blank and heading, and containing the same conditions. Omitting these it was as follows:

"New Albany, Ind., 11/24/19.
No. 5548.

"To W. P. Brown & Sons Lumber Co., Louisville, Ky.

"Please enter our order for the following upon the conditions as here noted. Ship via Monon, delv. f. o. b. here. Terms regular.

500,000′  8/4 common and better elm $52.00
 25,000′ 12/4 common and better elm  50.00

"Same not to run over 20% No. 2 common to be shipped when dry.

"This is to replace our order No. 5531, dated Oct. 27, 1919.

"The Kahler Company,
Per Ferd Kahler, Jr."

It further appears that during the month of November there were unprecedented floods in the state of Arkansas, where appellee's principal sawmill was located, resulting in the mill's closing down. Mr. J. G. Brown was in the vicinity and returned to Louisville the latter part of November and reported to his company the situation at the mill and that it would be impossible to fill the order.

The Louisville business was conducted by Mr. T. M. Brown, who is now dead, but it seems that the second order No. 5548 had been received at this time, though no action had been taken on it. After the report of J. G. Brown, Mr. Hunter was requested to take order No. 5548 and call upon the Kahler Company, and inform it of the

situation, and of the further fact that appellee had on hand timber to the extent of fifty thousand feet which it could furnish, but that it could not fill the order, and to try to get the appellant to cancel it.

In accordance therewith Mr. Hunter did call upon appellant and have a conversation with its president on the forenoon of November 28, in which he handed him order No. 5548 and gave him the information suggested above. What occurred thereafter is in dispute. It is claimed by Mr. Kahler that he told Mr. Hunter, ''I said to him if they cannot furnish the 500,000 feet now, let them furnish 50,000' and the other later on when their mills get in operation; and I struck out the four naughts and wrote over it 50 M' or more.''

While Mr. Hunter states that he said ''to me,'' ''If they cannot furnish it they can't,'' and then he scratched this order off and wrote above here 50 M or more, which I told him they could furnish that much.''

It is admitted by Kahler that he dictated the line, ''This is to replace our order No. 5531, dated October 27, 1919,'' this appearing in the order which was sent on the 24th of November. He denies that he cancelled the item 25,000 feet 12/4 No. 2, while Hunter avers that it was cancelled at the time Kahler returned the paper to him, after cancelling the four naughts in the first line of the order. At any rate it is shown by Hunter that Kahler returned to him this order blank with this cancellation and that he immediately went back to the office of the appellee; that on the trip he himself made a notation, ''This order reduced from 525 M to 50 M or more by Fred Kahler, Sr. Wit. J. C. Hunter, Nov. 28, 1919.''

On his arrival at the office he delivered the order with the notations thereon to appellee and it accepted same. Subsequently Mr. T. M. Brown entered a notation, ''This replaces all previous orders,'' the order finally reading thus:

''New Albany, Ind., 11/24/19.

''To W. P. Brown & Sons, Louisville, Ky.
        ''The Kahler Company, Automobile Bodies.

''This order No. must appear on your invoice, No. 5548

''Please enter our order for the following upon the conditions as here noted:

Ship via Monon, dely. f. o. b. here. Terms regular.

> CONDITIONS.
>
> 1. Acknowledge receipt of this at once, naming shipping date.
> 2. Do not execute at higher prices than previously quoted or charge without first advising us.
> 3. All goods shipped on account of this order will be carefully inspected by us, and if rejected will be subject to your order.
> 4. We reserve the right to cancel this order if not filled within a reasonable length of time and if material is not satisfactory to us.

```
50 M or more                                              Price
50000  8/4 #2 common and better elm                       $52.00
25000 -12/4-#2--- " ---- " ----- " --- " --               50.00
```

"Same to run not over 20% No. 2 common.

"To be shipped when dry.

"This replaces all previous orders.

"This is to replace our order No. 5531 dated Oct. 27, 1919.

"This order reduced from 525 M to 50 M or more, by Ferd Kahler, Sr.

"Witness: J. C. Hunter, Nov. 28, 1919.

"THE KAHLER CO.,
Per Ferd Kahler, Sr.

After Hunter left his office Kahler testifies he went to luncheon and on his return called Hunter over the telephone and requested that he return the order; that Hunter informed him that he had delivered it to Brown, whereupon that afternoon he wrote the appellee the following letter:

"New Albany, Ind., Friday, Nov. 28, 1919.

"W. P. Brown & Sons Lumber Co., Louisville, Ky.

"Gentlemen:

"Your Mr. Hunter was over to see us today and advised us that you were not in a position to cut the elm for which we gave you an order on October 26th, and which you acknowledged on October 29th.

"We wish to say that you may cut at your dry mill that portion that I made notation on the order which I handed to Mr. Hunter, but this will not relieve you of the

balance of the order as we will expect you to fill same when your other mill gets in shape to cut this stock and we expect to use this lumber next year and therefore we will depend on you getting this out at your earliest convenience.                                    "Yours very truly,

"THE KAHLER COMPANY,

Ferd Kahler, Sr."

This letter was mailed at five o'clock that afternoon. On the 29th of November appellee wrote the following:

"We acknowledged order 5531 to you which has since been changed by you to order 5548. This order has been changed again to 50 M' 8/4 No. 2 common and better elm at $52.00, and we will get this off promptly.

"Yours very truly,

"W. P. BROWN & SONS LUMBER Co., INC."

It is claimed by appellant that this letter was not written until after the receipt of its letter of the 28th; that Hunter was not the agent of appellee and had no authority to bind it, and that appellant's letter of the 28th was delivered before the acceptance of order No. 5548, and therefore the minds of the parties never met on that order, and that this left order No. 5531 in full force and effect. Further correspondence ensued in which the appellee offered to furnish the 50 M' feet mentioned in order No. 5548, in fulfillment of the contract, and appellant refused to accept, finally resulting in this suit on the part of appellant, in which it claimed damages for the failure of the appellee to furnish it the 500 M feet claimed.

The issues in the pleadings and evidence correspond to the facts above set out. The court instructed the jury to find for plaintiff (appellant) unless it found for the defendant under the second instruction; that instruction reads:

"2. If you believe from the evidence that on November 28, 1919, at the office of the Kahler Company, in New Albany, it was agreed between Mr. Kahler, representing the Kahler Company, and Mr. Hunter, representing the W. P. Brown & Sons Lumber Company, should furnish the Kahler Company 50,000 or more feet of lumber, and that that agreement, if made, should supersede all prior agreements, then you should find for the defendant."

There were other instructions as to the measure of damages, not necessary to be set out. The jury found for defendant (appellee). The appellant's principal conten-

tion is that Hunter had no authority to bind the appellee and that the order No. 5548 was either withdrawn or modified before acceptance, and that the verdict of the jury is contrary to the instructions of the court, in this; that the instructions required the jury to believe from the evidence that a valid, binding contract was made at the Kahler offices, and it is argued that unless Hunter was shown to have authority to act for appellee the jury were thereby directed to find for plaintiff; that it is clearly shown by all the evidence that he had no such authority; that therefore the verdict is contrary to the instruction, and even though the instruction is erroneous a new trial should be granted.  This conclusion is sound if based on a proper premise.  Lynch v. Snead Architectural Iron Works, 132 Ky. 241; St Paul F. & M. Ins. Co. v. Kendle, 163 Ky. 146; Yellow Poplar Lumber Co. v. Bartley, 164 Ky. 763.  But we are not prepared to say that Hunter had no authority from the appellee. It is true that he was not an employe of appellee and in general could not have bound it in any way, but it seems clear that in this instance specific authority was given to him to secure the cancellation of this order upon the appellee furnishing the 50 M feet. The original order of October 26 contained a condition reserving to appellant the right to cancel the order if not filled within a reasonable length of time, and if the material was not satisfactory to it.  Conditions had arisen which rendered it impossible for appellee to fill the order within a reasonable time, and it was natural and reasonable for it to seek a cancellation of that part which it could not fill, and in so doing for it to authorize the broker who had procured the order to act as its agent in the matter.  It is clear from the evidence that it directed him to do so, and there being no evidence to the contrary we do not think the lower court erred in assuming that Hunter had authority to make these negotiations with the Kahler Company. The cancellation of the contract created no new obligation upon appellee. It was consummated at its request and upon its proposal, it was completed by the acceptance of the Kahler Company, and there was nothing further for appellee to do in the premises.

It follows that the only issue in the case was as to what occurred at the office of appellant at the time order 5548 was changed. This was properly submitted to the jury, and we cannot say that their verdict is contrary to the law.

Judgment affirmed.