## Gregory v. Forester et al.

(Decided February 26, 1929.)

J. B. SNYDER and LEE & SNYDER for appellant.

FORESTER & CARTER for appellees.

OPINION OF THE COURT BY JUDGE LOGAN—Affirming.

V. F. Gregory, in connection with others, formed a partnership in 1921, for the purpose of manufacturing ice and conducting a cold storage business in the city of Harlan, under the name of Cumberland Ice & Cold Storage company. He owned a one-sixth interest in the partnership. The capital of the partnership was to be $40,-000. He had actually paid in cash $1,625 when he decided to sell his interest. He sold his property and moved away from Harlan. Whereupon, having indicated his desire to sell, his father approached J. S. Forester and J. G. Forester in an effort to sell the interest of his son, V. F. Gregory, to them. The partnership had borrowed $12,000 from one of the banks in Harlan, which indebtedness was evidenced by the note of the partners. The Foresters agreed to purchase the interest of V. F. Gregory, and they were to pay him a premium of $1,000 for his interest. In other words, they were to pay him the $1,625 which he had invested in the venture and $1,000 in addition thereto. That was to vest in them the interest of V. F. Gregory and they were to assume the payment of his part of the $12,000. In addition, they were to pay in to the partnership enough to make the total sum paid by them one-sixth of $40,000, or $6,666.66. The $1,000 which

they paid as a premium was not included in this sum. The trade was consummated on this basis, and the Foresters paid V. F. Gregory $1,000 in cash at the time he assigned to them his interest in the business. They executed to him two notes for the $1,625, one note for $800, payable in six months, and another note for $825, payable in twelve months. The first note was paid by them at its maturity. The partnership continued for some months and the business was conducted through the summer of 1922. Thereafter it was sold, and the proceeds realized from the sale of the business were divided among the partners. When the $825 note came due, the Foresters refused to pay it, and suit was instituted against them by V. F. Gregory. Their defense was that the note was obtained through misrepresentations made by the father of V. F. Gregory and by V. F. Gregory himself. There was no effort on the part of the Foresters to rescind the contract, and the testimony in their behalf shows that they did not discover the alleged misrepresentations until after the business had been in operation for some time. They paid money to the partnership upon the call of the partners from time to time, but when the property was sold and the proceeds divided among the partners they received $587.64 less than they had put into the business. They made their answer a counterclaim against V. F. Gregory and sought to recover this sum from him. The entire transactions show that the Foresters elected to stand by the trade which they had made and to claim damages by reason of the alleged fraudulent misrepresentations. The case went to trial before a jury, which returned a verdict finding for the plaintiff on the note and finding for the defendants damages sufficient to leave a balance due them of $587.64 after deducting the amount of the note. V. F. Gregory has appealed, and he urges many reasons for a reversal of the judgment.

One of the contentions made by appellant is that the partnership should have been fully settled and all matters should have been adjusted between the partners before a suit could be instituted by the Foresters against the appellant for damages growing out of the trade with appellant. We do not follow the argument made in behalf of appellant on this point. The Foresters had no cause of action against the partnership. Their cause of action, if any, was against V. F. Gregory, whose interest in the partnership they had purchased. They sought to

recover from him on their counterclaim enough to cover the $825 note and the amount they lost in the entire transaction; that is, $587.64 in addition to the amount of the note' sued on. Their entire pleading is susceptible of the reasonable construction that they sought to recover only so much of the damages which they sustained as was represented by their actual loss on the whole transaction. The damage to which they were entitled, if any, was the difference between the fair market value of the one-sixth interest in the partnership at the time they purchased it, if the affairs of the company had been as represented, and the value of the same interest at the time with the condition of the company as it actually was. Their chief contention, borne out by their testimony, was that appellant and his father represented to them that the partnership was owing only $12,000, with the exception of some small current bills, when in fact it was indebted in the sum of $18,000 in addition to the $12,000. If the proof had been confined strictly to the pleadings, the only question for consideration would have been the amount of the undisclosed debts at the time of the trade; and as the appellees testify that these undisclosed debts amounted to $18,000, the value of the interest which they purchased in the partnership, considered in the light of their evidence, was $3,000 less than they understood it to be from the representations alleged to have been made by the Gregorys. Instead of suing for the one-sixth interest of the undisclosed indebtedness, they treated the $825 note as having been paid and sought to recover only the actual loss that they sustained in the transaction which, according to their proof, was much less than the amount they were entitled to recover. There is no just reason for appellant to complain about this.

Another complaint made by appellant is that the appellees did not show in their counterclaim that they had paid the full amount which they had agreed to pay to the partnership. We fail to see how the appellant is concerned about this matter. That was a question between the appellees and the partnership, and the appellant had no interest whatever in the partnership after he transferred his interest to the appellees.

Another contention is that the counterclaim did not allege facts sufficient to show that appellees sustained a loss. They set up in their counterclaim the amount which they had invested in the venture and the amount which

they received from the proceeds of the sale. The difference was $587.64.

Another ground urged for reversal is that the court erred in overruling a motion for a peremptory instruction directing the jury to return a verdict in favor of appellant. The court should not have given such an instruction, as the evidence was conflicting and the issue should have been submitted to the jury for its determination. It is urged by appellant that he should not be held responsbile for losses that occurred after he sold his interest in the partnership. In that he is correct, and if the jury was allowed to take into consideration any losses sustained by appellees after they purchased the interest of appellant, it was error.

This brings us to the consideration of another alleged error, and that is that the instructions given by the court allowed a recovery for losses not embraced in the pleadings. The second instruction given by the court seems to us to clearly submit the issue. The jury was told that if the appellant in selling his interest in the partnership to appellees represented to them that the partnership owed practically no indebtedness except $12,000, and that such representation was false and known by appellant at the time to be false, and was believed and relied upon by appellees and they were induced to purchase the one-sixth interest by reason of such representations, and that the indebtedness of the partnership at the time was greater than $12,000 in a material amount, the jury should find for the appellees on their counterclaim the difference, if any, between the actual value of the interest purchased by defendants at the time of the purchase, if the statements and representations were false, and its value at the time of the purchase, if the statements and representations had been true, not to exceed the sum of $1,412.64.

The jury had been told to return a verdict for appellant for the amount of the note sued on. As the note had not been paid and the appellees had treated it as having been paid and were claiming an amount of $567.64 over and above the amount of the note, the court limited the amount of their recovery to $1,412.64.

It is urged that the court assumed that A. M. Gregory was the agent of V. F. Gregory in making the sale. There is no conflict in the evidence on this point, and the

court did not err in assuming that A. M. Gregory was representing his son in helping to bring about this sale. We cannot agree with counsel for appellant that the court submitted an issue not made by the pleadings. On the other hand, we think that he very clearly submitted the only issue which was made by the pleadings, although the pleadings are long and involved.

It is also urged that instruction No. 3 was erroneous because it allowed the jury to offset, one against the other, the amount of the note and the amount of the damages, if any, which should be found for appellees. The instruction was exactly what it should have been.

Another ground urged is that the verdict of the jury is flagrantly against the weight of the evidence. We cannot so hold. The evidence was conflicting, and that always makes a question for the jury.

The conclusions we have reached on this appeal are supported by the cases of Trimble v. Ward, 97 Ky. 748, 31 S. W. 864, 17 Ky. Law Rep. 508, and Ades v. Wash, 199 Ky. 687, 251 S. W. 970.

Judgment affirmed.