## W. H. Simmons & Company et al. v. Price's Administrator et al.

(Decided, February 24, 1931.)

JOHN C. DUFFY for appellants.

S. Y. TRIMBLE and COLEMAN TAYLOR for appellees.

OPINION OF THE COURT BY JUDGE WILLIS—Affirming.

Wm. Offutt, Henry Ewing, and the administrator of Ed Price, instituted an action aganist W. H. Simmons & Co. to recover damages for an alleged breach of contract. There was a verdict for the plaintiffs, and the defendant has prosecuted an appeal. The contentions of appellant will be discussed and disposed of as the opinion proceeds.

The appellant complains of a refusal of the trial court to direct a verdict in his favor. Plaintiff's sued

upon a written contract for the sale and delivery of a crop of tobacco. The date of delivery fixed by the writing was June 1, 1926. It was alleged in the petition that the date of delivery had been extended by an agreement of the parties made the previous March and that delivery under the contract was tendered within the period of the extension.

The basis of the argument for appellant is that a parol agreement for an extension of the date of delivery constituted a novation of the written contract, and that there was a failure of proof or a fatal variance between the pleading and proof. There was testimony tending to show that appellant's agent agreed to accept the tobacco subsequent to June 1st, and that the tobacco was tendered within the time agreed. The written agreement remained in force in every respect except as to the date of delivery of the tobacco. It is entirely proper for the parties to a written contract to waive or modify any term or condition of the writing, and especially to postpone the time fixed for performance. It may be done by subsequent contract or conduct. The agreement of alteration may be oral, if that form of contract is not forbidden by the statute of frauds, 6 R. C. L. 914. A verbal contract changing a term of a written contract preserves all the provisions of the written contract, except in the particulars and to the extent it is modified by the later contract. Such a contract of renewal or extension is not invalid for want of consideration. Klatch v. Simpson, 237 Ky. 84, 34 S. W. (2d) 951; Frankfort & C. R. Co. v. Jackson, 153 Ky. 534, 156 S. W. 103; Wallace v. Cook, 190 Ky. 262, 227 S. W. 279; Paducah Grain & Elevator Co. v. Marshall, 196 Ky. 673, 246 S. W. 30; Covington & Anderson v. Melvin, 197 Ky. 573, 247 S. W. 714; Moors v. Ky. Elec. Co., 182 Ky. 825, 208 S. W. 15; Continental Ins. Co. v. Simpson, 220 Ky. 167, 294 S. W. 1048; Vandivier v. Tye et al., 231 Ky. 630, 21 S. W. (2d) 1006; Russell v. Lambert, 14 Idaho, 284, 94 P. 54, L. R. A. 1915B, 20, annotation page 26.

It was therefore plainly a question for the jury whether the extension agreement was made, and, if made, whether tender of performance was within the conditions of the contract as modified.

■ Criticism is addressed to the instructions to the jury. The first complaint is that the evidence offered by plaintiffs failed to prove that defendant was obligated

to pay the price fixed in the written contract. As we have seen, the written contract respecting prices to be paid was not affected by the modification extending the time of delivery. The agreement to receive the tobacco subsequent to June 1st necessarily meant that it would be received under the contract, upon its terms, and at the contract prices. It was not necessary to submit the matter of prices to the jury, since that was fixed by the written contract. The instruction did not impose liability upon the appellant unless the tobacco was tendered in good condition, neatly handled and assorted and tied in the manner specified in the contract. The criticism of the third instruction is that it assumed the agency of H. B. Smith with whom the contract of extension was made. But in fact the court directed the jury to find for the defendant, unless it found from the evidence that appellant's authorized agent agreed that delivery might be made subsequent to June 1st, and within the terms of the extension agreement. The defendants offered an instruction couched in the words incorporated by the court in the instruction given. The offered instruction contained these words: "The Court further says to the jury that if they believe from the evidence that on or about the 25th day of March, 1926, defendants, or their authorized agents, if any, told plaintiffs that the remainder of their crop of tobacco might be delivered as late as July, 1926," and continued with the conditions under which such delivery would be sufficient. The instruction offered was refused, but the issue involved was submitted, with the limitation that Smith was named as the only agent acting in the matter. The testimony showed that Smith was at appellant's place of business, accepting delivery of tobacco, paying therefor by checks in the name of appellant, and in sole charge and control of the situation. It is true that the testimony for the defendants tended to show some limitations had been placed upon the authority of Smith, but there was nothing to indicate to plaintiffs that he did not have authority to make the agreement in question. It was within the apparent scope of the agency. The power to receive the tobacco and to pay for it necessarily carried with it the power to fix the time when further tobacco under the same contract would be received and paid for, according to the contract. There was no other person in charge, and no notice of any limitation upon the authority of the agent

that was there. Dunn was the one who inspected and graded the tobacco, but Smith was the paymaster. The appellant was bound by the acts of Smith respecting the very transaction he was handling. Kahler Co. v. Brown & Sons Lumber Co., 200 Ky. 326, 254 S. W. 922; Security Benefit Ass'n v. Payne, 222 Ky. 332, 300 S. W. 861; Gregory v. Forester, 228 Ky. 201, 14 S. W. (2d) 755.

■ Counsel for the plaintiffs, in the course of his argument to the jury remarked, "Talk about a man being honest who wants to take a farmer's thirty-three dollar tobacco for $12 or $15." When objection was interposed to the statement, the trial court admonished the attorney and told the jury not to consider the argument. The attorney then stated in his argument, "All buyers, as is well known, have other buyers standing around to bid for them, and I have no doubt that Mr. Simmons got some part of this tobacco at the price." The court overruled the objection to the argument.

We are unable to attach to these statements the importance that appellant insists belongs to them. It appears that the argument was made in response to an argument for the defendant, and, if not a legitimate argument, which we are unwilling to adjudge, it certainly was not so far afield as to be prejudicial. The reference to the other buyers for Mr. Simmons was brought about by the consequences flowing from the refusal to accept the tobacco when tendered. It was claimed by defendants that the tobacco tendered was not in good condition, and, when sold at the market, did not bring anything like the contract price. Mr. Simmons testified that he bid for the tobacco in an effort to enhance the price, but got none of it. Appellant contended that the condition of the tobacco was such that he could not use it in fulfilling his own contracts. If he could not use it on his contracts, some explanation of his bidding for it at the sale obviously was pertinent and fairly to be expected. Comment upon his conduct under the conditions existing was quite natural. The attorney in his argument is confined to the evidence in the record and to such reasonable deductions as may be drawn therefrom. Matters of argument apparently affecting the credibility of witnesses, even though they be parties to the action, are not forbidden. It must be assumed that the jury is composed of sensible men who are capable of making the application of an argument based on the evidence. Louis-

ville & N. R. R. Co. v. Curtis, 233 Ky. 287, 25 S. W. (2d) 398. It is only when the passions of the jury are inflamed by the introduction of extraneous matters, or unreasonable appeals to their prejudices are made, that a new trial is granted upon that ground. Louisville & N. R. R. Co. v. Payne, 138 Ky. 274, 127 S. W. 993, Ann. Cas. 1912A, 1291; Pullman Co. v. Pulliam, 187 Ky. 213, 218 S. W. 1005.

4. It is urged that the verdict is flagrantly against the evidence. Two witnesses testified to facts tending to sustain the cause of action alleged in the petition. It was sufficient to sustain the verdict of the jury, even though the testimony was sharply contradicted by the witnesses for the other side. Louisville & N. R. R. Co. v. Rowland's Adm'r, 227 Ky. 841, 14 S. W. (2d) 174; Commonwealth Life Ins. Co. v. Pendleton, 231 Ky. 591, 21 S. W. (2d) 985, 66 A. L. R. 1526; Louisville & N. R. R. Co. v. Curtis, 233 Ky. 276, 25 S. W. (2d) 398. Enough has been said to indicate the scope of the issues and the character of the evidence, and amplification is unnecessary. It is sufficient to say that the case was fairly tried and no error prejudicial to the substantial rights of the appellant is apparent on the record.

The judgment is affirmed.