## Cole v. Landrum.

June 6, 1944.

736

W. D. Gilliam for appellant.

J. Frank Denton and Noel F. Harper for appellee.

OPINION OF THE COURT BY JUDGE CAMMACK—Affirming.

N. Y. Landrum rented a filling station in a rural section of Allen County from Miss Opha Cole at $40 a month for a period of two years, beginning June 30, 1939. The lease contained a provision under which Landrum was to have an option on the property for three additional years at the same price. Prior to the execution of the lease Miss Cole was insisting upon a five-year rental period, while Landrum was insisting on a period of one year. They finally reached the aforementioned agreement. Shortly before the end of the two-year period Landrum and Miss Cole had a conversation concerning his continued occupancy of the property. She contends that, after she told him she had an opportunity to rent the property to another tenant for five years, he said he would notify her if he did not intend to exercise his option. His version of the conversation is that they agreed he would continue to rent the property for one additional year at the same rental, thus abandoning the original contract. Shortly before the expiration of the third year, Miss Cole notified Landrum she had been advised that he was planning to give up the property on June 30, 1942, and that she was expecting him to comply with the provisions of the original lease. Landrum ceased to pay rent on the property after June 30, 1942. Thereafter Miss Cole instituted this action to recover the rent for two additional years. The chancellor ruled in favor of Landrum. His judgment recites:

"* * * It is the opinion of the court that the contract sued on herein constituted a binding obligation between the parties for a period of two years from the date of said contract. Thereafter, it was optional on the part of the defendant to terminate, release or to retain the property for a period of three years. It is the opinion of the court that there was at the expiration of the two years, a new agreement by which the parties hereto agreed to be bound for only one year at the rental rate provided in the original contract. * * *"

The lease is clear and unambiguous, and, since it was written by Landrum, the appellant insists it should be construed more strongly against him. It is insisted

also that, when one occupies property under a lease, with an optional provision for renewal, and holds over after the original term has expired, he will be held to have exercised the option. Granting this to be the proper rule, it is equally true that a subsequent oral agreement may alter or modify a written agreement if that form of contract is not forbidden by the statute of frauds. W. H. Simmons & Co. v. Price's Adm'r, 238 Ky. 332, 38 S. W. 2d 6; Wilson v. Adath Israel Charitable & E. Ass'n's, Agent, 262 Ky. 55, 89 S. W. 2d 318.

The chancellor had before him Miss Cole's account of a conversation with Landrum as to his continued occupancy of her property after the end of the original two-year period, and also that of Landrum, which was supported by the party who operated the filling station. There was evidence of a fourth witness, who said he had talked with Miss Cole about renting the property in the event Landrum did not exercise his option. As indicated above, it was the chancellor's view the evidence showed the parties entered into an agreement whereby Landrum was to continue to lease the property for an additional year beyond the original term. It is our rule to follow the chancellor when we have no more than a doubt as to the correctness of his ruling. Young v. Young's Adm'r, 294 Ky. 362, 171 S. W. 2d 1002. Since we find ourselves in this position, we conclude the judgment should be and it is affirmed.